MICHAEL N. FEUER (SBN 111529)
City Attorney
mike.feuer@lacity.org
JAMES P. CLARK (SBN 64780)
Chief Deputy City Attorney
james.p.clark@lacity.org
THOMAS H. PETERS (SBN 163388)
Chief Assistant City Attorney
thom.peters@lacity.org
CORY M. BRENTE (SBN 115453)
Supervising Assistant City Attorney
cbrente@atty.lacity.org
**OFFICE OF THE LOS ANGELES CITY ATTORNEY**
200 North Main Street, 8th Floor
Los Angeles, CA 90012
Tel:  (213) 978-8100      Fax:  (213) 978-8312

RODOLFO F. RUIZ (SBN 163877)
rruiz@vrlawyers.com
CLAIRE E. HILL (SBN 278428)
chill@vrlawyers.com
ALYSSA K. CHRYSTAL (SBN 287433)
achrystal@vrlawyers.com
**VANDERFORD & RUIZ, LLP**
221 E. Walnut Street, Suite 106
Pasadena, CA  91101-1554
Tel:  (626) 405-8800      Fax:  (626) 405-8868

Attorneys for Defendants
LOS ANGELES WORLD AIRPORTS, a department of the City
of Los Angeles; CITY OF LOS ANGELES; LOS ANGELES
AIRPORT POLICE, erroneously sued as THE AIRPORT
POLICE AT LOS ANGELES; LOS ANGELES POLICE
DEPARTMENT; and LOS ANGELES FIRE DEPARTMENT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ANA Z. MACHUCA, an Individual; LUIS G. HERNANDEZ, an Individual, and STEPHANIE M. HERNANDEZ, an Individual, by an through their Guardian Ad Litem, Ana Z. Machuca,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LOS ANGELES WORLD AIRPORTS; CITY OF LOS ANGELES; THE AIRPORT POLICE AT LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; LOS ANGELES FIRE DEPARTMENT; COUNTY OF LOS ANGELES; AND DOES 1-100, inclusive,<br><br>                    Defendants. | Case No. 2:14-cv-9852<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

**TO THE CLERK IN THE ABOVE-ENTITLED COURT:**

        **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1441(a), Defendants LOS ANGELES WORLD AIRPORTS, a department of the City of Los Angeles; CITY OF LOS ANGELES; LOS ANGELES AIRPORT POLICE, erroneously sued as THE AIRPORT POLICE AT LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; and LOS ANGELES FIRE DEPARTMENT ("Defendants") hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division. Defendant states as follows:

/ / /

/ / /

## **DEFENDANTS' TIMELY REMOVAL AND PROPER JURISDICTION**

1.     On October 7, 2014, an action was filed in the Superior Court of California, County of Los Angeles, by Plaintiffs Ana Z. Machuca, Luis G. Hernandez, and Stephanie M. Hernandez (collectively "Plaintiffs") entitled "ANA Z. MACHUCA, an individual; LUIS G. HERNANDEZ, an individual; and STEPHANIE M. HERNANDEZ, an individual, by and through their Guardian Ad Litem, Ana Z. Machuca v. LOS ANGELES WORLD AIRPORTS; CITY OF LOS ANGELES; THE AIRPORT POLICE AT LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; LOS ANGELES FIRE DEPARTMENT; COUNTY OF LOS ANGELES; and DOES 1 – 100," case number BC560012.  Attached hereto as **Exhibit A** is a true and correct copy of the State Court Complaint, which includes a Summons that was served on Defendant City of Los Angeles, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, and Notice of Case Assignment.

2.     To date, all named Defendants have been served with Plaintiffs' Complaint and consent to this removal.  Defendants City of Los Angeles, Los Angeles Airport Police, and Los Angeles Police Department were all served with the Summons and Complaint on November 25, 2014.  Defendant Los Angeles Fire Department was served with the Summons and Complaint on December 1, 2014. Defendant Los Angeles World Airports, which is a department of the City of Los Angeles, accepted service when the Complaint was served on the City of Los Angeles on November 25, 2014.  All of the City Defendants consent to removal. Attached hereto as **Exhibit B** are true and correct copies of the Summons served on Defendants City of Los Angeles, Los Angeles Airport Police, Los Angeles Police Department, and Los Angeles Fire Department.

3.     Defendants have contacted the other named and served Defendant COUNTY OF LOS ANGELES, who has consented to the removal.  The County of Los Angeles was served on November 25, 2014.

4.     Defendants are unaware if any other defendants have been served with the Complaint.  Defendants do not need to join all other defendants in this action that have not yet been served.  *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (holding removal was not defective when a defendant failed to join improperly served defendants to the notice of removal).

5.     Defendants' Notice of Removal is timely.  In cases where removal based on federal question jurisdiction is proper, a defendant's thirty-day removal period "commences upon receipt of the complaint by an authorized representative, through formal service of process or other informal means of actual notice." *Spielman v. Standard Ins. Co.*, 932 F. Supp. 2d 246, 248 (N.D. Cal. 1996).  Because Defendants were served on November 25, 2014 and December 1, 2014, this removal is timely pursuant to 28 U.S.C. § 1446(a).

6.     This action was filed in the Superior Court of California for the County of Los Angeles.  Thus, venue properly lies in the United States District Court for the Central District of California, Western Division, and this action may be removed to this Court pursuant to 28 U.SC. § 1441(a).

7.     This Court has original jurisdiction under 28 U.S.C. § 1331. This action may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action that presents a federal question.

8.     This Court has federal question jurisdiction over this civil action under 18 U.S.C. § 37 because Plaintiffs' action involves "a person who unlawfully and intentionally, using any device, substance, or weapon—perform[ed] an act of violence against a person at an airport serving international civil aviation that cause[d] or is likely to cause serious bodily injury . . . or death . . . ."  18 U.S.C. § 37(a)(1).  There is federal jurisdiction over this matter because the prohibited act of violence took place at an airport in the United States, specifically Los Angeles International Airport ("LAX").   18 U.S.C. § 37(b)(1); *see* Compl. ¶¶ 16–17, attached hereto as **Exhibit A**.  Plaintiffs' allegations arise from a shooting that

occurred at Terminal 3 of LAX on November 1, 2013.  *See* Compl. ¶ 16.  Plaintiffs claim that Paul Ciancia carried a bag filled with a semiautomatic rifle and ammunition into LAX and shot and killed Plaintiffs' husband and father Gerardo Ismael Hernandez.  *See* Compl. ¶¶ 15, 17.  Thus, Plaintiffs' claims—which are all based on this same set of facts, events, transactions, and occurrences—involve a person who unlawfully and intentionally, using a weapon, performed an act of violence at an airport that caused serious bodily injury or death, and federal jurisdiction is proper pursuant to 18 U.S.C. §37(b)(1).

9.     This Court has supplemental jurisdiction over all other claims in Plaintiffs' Complaint because these claims are based on the same facts, events, transactions, and occurrences and are so related to Plaintiffs' claims under 18 U.S.C. § 37 that they form part of the same case or controversy under Article III of the United States Constitution.  *See* 28 U.S.C. § 1367(a).  Alternatively, the Court has jurisdiction of the remaining claims pursuant to 28 U.S.C. § 1441(c).

10.     Defendants will promptly serve a copy of this Notice of Removal on counsel for Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles pursuant to 28 U.S.C. § 1446(d).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11.   In addition, a Notice of Stay of Proceedings is also being filed with the Clerk of the Superior Court of California, County of Los Angeles, as a result of this Notice of Removal.  A copy of the Notice of Stay of Proceedings is attached hereto as **Exhibit C**.

Dated:  December 26, 2014         By:   */s/ Alyssa K. Chyrstal*
                                        Alyssa K. Chrystal

                                        **OFFICE OF THE LOS ANGELES CITY ATTORNEY**
                                        Michael N. Feuer
                                        City Attorney
                                        James P. Clark
                                        Chief Deputy City Attorney
                                        Thomas H. Peters
                                        Chief Assistant City Attorney
                                        Cory M. Brente
                                        Supervising Assistant City Attorney

                                        **VANDERFORD & RUIZ, LLP**
                                        Rodolfo F. Ruiz
                                        Claire E. Hill
                                        Alyssa K. Chrystal

                                        Attorneys for Defendants
                                        LOS ANGELES WORLD AIRPORTS, a department of the City of Los Angeles; CITY OF LOS ANGELES; LOS ANGELES AIRPORT POLICE, erroneously sued as THE AIRPORT POLICE AT LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; and LOS ANGELES FIRE DEPARTMENT

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBIT A

REFERRED TO CITY ATTORNEY
FOR DISPOSITION
NOV 26 2014 @ 7:00

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** LOS ANGELES WORLD AIRPORTS; CITY
**(AVISO AL DEMANDADO):** OF LOS ANGELES; THE AIRPORT
POLICE AT LOS ANGELES; LOS ANGELES POLICE
DEPARTMENT; LOS ANGELES FIRE DEPARTMENT; COUNTY OF
LOS ANGELES; AND DOES 1 - 100;

RECEIVED
OCT 07 2014
ROOM 102

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 10 2014

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** ANA Z. MACHUCA, an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** Individual; LUIS G.
HERNANDEZ, an Individual , and STEPHANIE M.
HERNANDEZ, an Individual, by and through their
Guardian Ad Litem, Ana Z. Machuca;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

City Attorney's Office — Airport Division
SERVICE RECEIVED
By: Roxanne Wap
☐ Personal Service   ☐ U.S. Mail
☒ ? Mail   ☐ City Clerk
DATE STAMP - TO SUPERVISOR
12/8/14

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
111 N. Hill Street
- SAME -
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
BC 560012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Alder, Esq. SB#170381           (310) 275-9131   (310) 275-9132
Mary L. Caruso, Esq. SB# 282110
AlderLaw, P.C.
1840 Century Park East, 15th Floor Los Angeles, CA 90067

DATE:
*(Fecha)*
Sherri R. Carter   Clerk, by   M. Soto   , Deputy
*(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: City of Los Angeles
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify)*: Entity form Unknown
4. ☐ by personal delivery on *(date)*:

[SEAL]
NOV 10 2014
RECEIVED
NOV 26 2014
ATTORNEY
LOS ANGELES
11/25/14

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465
Page 1 of 1

DEC 10 2014
RECEIVED
Risk Management/DOMA
2014 NOV 25
BY
CITY CLERK
DEPUTY
PM 2: 03
RECEIVED
CLERK'S OFFICE

**EXHIBIT A**

RECEIVED
DEPARTMENT OF
AIRPORTS

14  DEC -9  PM 12: 15

CITY
ATTORNEY

City Attorney's Office · Airport Division
**SERVICE RECEIVED**
By: _____
☒Personal Service   ☐U.S. Mail
☐Grey Mail   ☐City Clerk
DATE STAMP · TO SUPERVISOR

**EXHIBIT A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael Alder, Esq. SB#170381
Mary L. Caruso, Esq. SB# 282110
AlderLaw, P.C.
1840 Century Park East, 15th Floor
Los Angeles, CA 90067
TELEPHONE NO.: (310)275-9131    FAX NO.: (310)275-9132
ATTORNEY FOR (Name): Plaintiffs, ANA Z. MACHUCA, et al.

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County Of Los Angeles

OCT 07 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
 STREET ADDRESS: 111 N. Hill Street
 MAILING ADDRESS: - SAME -
 CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Central

CASE NAME: MACHUCA, et al v. LOS ANGELES WORLD AIRPORTS, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 560012 |
| | | JUDGE: |
| | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): 5. See attachment A.

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: October 6, 2014

Mary Caruso, Esq.
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT A**

| PETITIONER/PLAINTIFF: ANA Z. MACHUCA, et al. | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: LOS ANGELES WORLD AIRPORTS, et al. | |

ATTACHMENT A

1. Liability for Injuries Caused by Employee Within Scope of Employment
(Cal. Government Code §815.2 )
2. Liability for Injuries Caused by Independent Contractors
(Cal. Government Code §815.4)
3. Liability for Injuries Caused Arising from Mandatory Duty of Public Entity
(Cal. Government Code §815.6)
4. Liability for Injuries Caused by Failure to Inspect, or Negligent
Inspection of Property
(Cal. Government Code §818.6)
5. Liability for Injuries Caused by Dangerous Condition of Property
(Cal. Government Code §835 et seq.)

Legal
Solutions
Plus

**EXHIBIT A**

| SHORT TITLE: MACHUCA, et al v. LOS ANGELES WORLD AIRPORTS, et al. | CASE NUMBER BC 5 6 0 0 1 2 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 20-25 ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☑ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

## EXHIBIT A

| SHORT TITLE: MACHUCA, et al v. LOS ANGELES WORLD AIRPORTS, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

**EXHIBIT A**

| SHORT TITLE: MACHUCA, et al v. LOS ANGELES WORLD AIRPORTS, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

**EXHIBIT A**

| SHORT TITLE: MACHUCA, et al v. LOS ANGELES WORLD AIRPORTS, et al. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☐2. ☐3. ☑4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>Los Angeles World Airport<br>1 World Way |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA     ZIP CODE:<br>90045 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: October 6, 2014

_Mary Camera_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

**EXHIBIT A**

1 | ALDERLAW PC
Michael Alder, Esq. State Bar No. 170381
2 | cmalder@alderlaw.com
Mary L. Caruso, Esq. State Bar No. 282110
3 | mcaruso@alderlaw.com
1840 Century Park East, 15th Floor
4 | Los Angeles, CA 90067
Tel: (310) 275-9131   Fax: (310) 275-9132
5
Attorneys for Plaintiffs ANA Z. MACHUCA, LUIS G. HERNANDEZ,
6 | and STEPHANIE M. HERNANDEZ

7

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

OCT 07 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

8 |      SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |      FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10 | ANA Z. MACHUCA, an Individual; LUIS
G. HERNANDEZ, an Individual, and
11 | STEPHANIE M. HERNANDEZ, an
Individual, by and through their Guardian
12 | Ad Litem, Ana Z. Machuca;

13

14 |              Plaintiffs,

15

16 |          v.

17

18 | LOS ANGELES WORLD AIRPORTS;
CITY OF LOS ANGELES;  THE
19 | AIRPORT POLICE AT LOS ANGELES;
LOS ANGELES POLICE DEPARTMENT;
20 | LOS ANGELES FIRE DEPARTMENT;
COUNTY OF LOS ANGELES; AND
21 | DOES 1 – 100;

22

23 |              Defendants.

24

25

CASE NO.:  **BC 560012**

**COMPLAINT FOR DAMAGES**

1.  **Liability for Injuries Caused by
    Employee Within Scope of
    Employment**
    (*Cal. Government Code* §815.2 )
2.  **Liability for Injuries Caused by
    Independent Contractors**
    (*Cal. Government Code* §815.4)
3.  **Liability for Injuries Caused
    Arising from Mandatory Duty of
    Public Entity**
    (*Cal. Government Code* §815.6)
4.  **Liability for Injuries Caused by
    Failure to Inspect, or Negligent
    Inspection of Property**
    (*Cal. Government Code* §818.6)
5.  **Liability for Injuries Caused by
    Dangerous Condition of Property**
    (*Cal. Government Code* §835 et
    seq.)

**DEMAND FOR JURY TRIAL**

Assigned for all purposes to Hon.
Dept.
Complaint filed on

26 |      COMES NOW Plaintiffs, ANA Z. MACHUCA, Individually, LUIS G. HERNANDEZ,

27 | Individually, by and through his Guardian Ad Litem, Ana Z. Machuca and STEPHANIE M.

28 | HERNANDEZ, Individually, by and through her Guardian Ad Litem, Ana Z. Machuca, as

1

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

1  Wrongful Death Beneficiaries of Decedent, Gerardo Ismael Hernandez, and for causes of

2  actions against Defendants, LOS ANGELES WORLD AIRPORTS, CITY OF LOS

3  ANGELES, THE AIRPORT POLICE AT LOS ANGELES, LOS ANGELES POLICE

4  DEPARTMENT, LOS ANGELES FIRE DEPARTMENT, COUNTY OF LOS ANGELES, and

5  DOES 1 – 100, and each of them, and hereby complain and allege as follows:

6  <u>**GENERAL ALLEGATIONS**</u>

7      1.      Plaintiff,  Ana Z. Machuca ("Plaintiff" or "Plaintiffs") is the surviving wife of

8  decedent Gerardo Ismael Hernandez, and at all times relevant herein was a resident of the

9  County of Los Angeles, State of California.

10     2.      Plaintiffs, Luis G. Hernandez and Stephanie M. Hernandez  ("Plaintiff" or

11  "Plaintiffs"), by and through their Guardian Ad Litem, Ana Z. Machuca, are the surviving

12  children of decedent Gerardo Ismael Hernandez, and at all times relevant herein were

13  residents of the County of Los Angeles, State of California.

14     3.      Decedent, Gerardo Ismael Hernandez ("Decedent"), a Transportation Safety

15  Officer,  was shot multiple times and subsequently died on the morning of November 1,

16  2013. Gerardo Ismael Hernandez was the husband of Plaintiff, Ana Z. Machuca and father

17  of Plaintiffs, Luis G. Hernandez and Stephanie M. Hernandez.

18     4.      Plaintiffs are informed and believe, and thereon allege, that Defendant, Los

19  Angeles World Airports ("LAWA"), at all times relevant herein, was and is a governmental

20  and public entity, and/or a municipal corporation or political subdivision within the State of

21  California, duly organized and existing under the laws of the State of California, United

22  States.

23     5.      Plaintiffs are informed and believe, and thereon allege, that Defendant, City

24  of Los Angeles ("City of LA" or "City"), at all times relevant herein, was and is a

25  governmental and public entity, and/or a municipal corporation or political subdivision within

26  the State of California, duly organized and existing under the laws of the State of California,

27  United States.

28  ///

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

2

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

1    6.    Plaintiffs are informed and believe, and thereon allege, that Defendant, Airport
2  Police at Los Angeles ("LAWAPD" or "LAXPD"), at all times relevant herein, was and is a
3  governmental and public entity, and/or a municipal corporation or political subdivision within
4  the State of California, duly organized and existing under the laws of the State of California,
5  United States.

6    7.    Plaintiffs are informed and believe, and thereon allege, that Defendant, Los
7  Angeles Police Department ("LAPD"), at all times relevant herein, was and is a
8  governmental and public entity, and/or a municipal corporation or political subdivision within
9  the State of California, duly organized and existing under the laws of the State of California,
10  United States.

11    8.    Plaintiffs are informed and believe, and thereon allege, that Defendant, Los
12  Angeles Fire Department ("LAFD"), at all times relevant herein, was and is a governmental
13  and public entity, and/or a municipal corporation or political subdivision within the State of
14  California, duly organized and existing under the laws of the State of California, United
15  States.

16    9.    Plaintiffs are informed and believe, and thereon allege, that Defendant,
17  County of Los Angeles ("County of LA" or "County"), at all times relevant herein, was and
18  is a governmental and public entity, and/or a municipal corporation or political subdivision
19  within the State of California, duly organized and existing under the laws of the State of
20  California, United States.

21    10.    Plaintiffs are informed and believe, and thereon allege, that DOES 1 and 2
22  were LAWA, City, LAWAPD, LAXPD, LAPD, and/or County officers/agents/employees
23  assigned to Terminal 3 of LAX and that said Doe Defendants left their positions in the
24  terminal without calling for replacement officers, leaving the terminal without adequate
25  coverage, in violation of Los Angeles World Airports', City of Los Angeles', The Airport
26  Police at Los Angeles', the Los Angeles Police Department's, and the County of Los
27  Angeles' instructions, orders, directions, policies and procedures which state that officers
28  assigned to the terminals must inform supervisors when they want to take a break and that

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

1  "absent exigent circumstances, (the units) shall not leave the assigned terminal area without
2  prior authorization and a relief unit." DOES 1 and 2, in doing the things alleged herein, were
3  acting within the course and scope of that employment and with the permission and consent
4  of each of their co-Defendants.  Their actions and/or inactions caused injury to Plaintiffs.

5      11.    Plaintiffs are informed and believe, and thereon allege, that DOES 3 through
6  50 are Defendants', Los Angeles World Airports', City of Los Angeles', the Airport Police at
7  Los Angeles', Los Angeles Police Department's, Los Angeles Fire Department's, and
8  County of Los Angeles', agents, partners, co-conspirators, and/or employees, and in doing
9  the things alleged herein, were acting within the course and scope of that agency,
10  partnership, conspiracy, and/or employment and with the permission and consent of each
11  of their co-Defendants failed to follow Defendants' instructions, directions, procedures, and
12  policies.   Their actions and/or inactions caused injury to Plaintiffs.

13      12.    Plaintiffs are informed and believe, and thereon allege, that DOES 51 through
14  75 are Defendants', Los Angeles World Airports', City of Los Angeles', the Airport Police at
15  Los Angeles', Los Angeles Police Department's, Los Angeles Fire Department's, and
16  County of Los Angeles', contractors, subcontractors, and/or vendors, and in doing the things
17  alleged herein, were acting within the course and scope of that agency, partnership,
18  conspiracy, and/or contractual relationship and with the permission and consent of each of
19  their co-Defendants failed to follow Defendants' instructions, orders, directions, procedures,
20  and policies.   Their actions and/or inactions caused injury to Plaintiffs.

21      13.    The true names and capacities, whether individual, plural, corporate,
22  partnership, associate, or otherwise, of DOES 1 through 100, inclusive, are unknown to
23  Plaintiffs who therefore sue said Defendants by such fictitious names. The full extent of the
24  facts linking such fictitiously sued Defendants is unknown to Plaintiffs.  Plaintiffs are
25  informed and believe, and thereon allege, that each of the Defendants designated herein
26  as a DOE was, and is negligent, or in some other actionable manner, responsible for the
27  events and happenings hereinafter referred to, and thereby negligently, or in some other
28  actionable manner, legally and proximately caused the hereinafter described injuries and

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

4

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

1 damages to Plaintiffs. Plaintiffs will hereafter seek leave of the Court to amend this

2 Complaint to show the Defendants' true names and capacities after the same have been

3 ascertained.

4       14.   Plaintiffs are informed and believe, and thereon allege, that at all relevant

5 times herein, each of the Defendants was the agent, partner, co-conspirator, servant,

6 employer, and/or employee of each other, as well as each of their co-Defendants, and in

7 doing the things alleged herein, were acting within the course and scope of that agency,

8 partnership, conspiracy, and/or employment and with the permission and consent of each

9 of their co-Defendants, and were, in some way, negligently or otherwise, responsible for the

10 events herein alleged.

11       15.   Plaintiffs are informed and believe, and thereon allege, that at all relevant

12 times herein, each of the Defendants was responsible in some manner for the events and

13 happenings herein referred to as a result of the negligence, statutory liability, nondelegable

14 duty, vicarious liability, or other basis which resulted in the death of Gerardo Ismael

15 Hernandez and damages sustained by Plaintiffs. Plaintiffs sustained injury and damages

16 proximately caused by Defendants, and each of them, at all times relevant, as a result of

17 Defendants' negligence, action, inaction, ownership, maintenance, negligent hiring,

18 negligent training, negligent supervision, negligent retention of unfit employees, contracting,

19 management, and operation, of their respective agencies, departments and duties.

20       16.   This wrongful death action arises from a shooting that occurred at

21 approximately 9:20 a.m. on November 1, 2013, when Transportation Security Administration

22 officer Gerardo Ismael Hernandez was shot and killed at Terminal 3 of Los Angeles

23 International Airport ("LAX") by Paul Ciancia ("Ciancia").

24       17.   On the morning of Friday, November 1, 2013, Ciancia was allowed to enter

25 Terminal 3 of LAX carrying a bag filled with a semiautomatic rifle, five 30-round magazines,

26 and hundreds of additional rounds of ammunition. Ciancia walked up to a TSA checkpoint,

27 pulled out the rifle and opened fire, shooting Hernandez. Police officers were not present

28 to stop Ciancia or protect Hernandez, as the officers left their assigned posts without

AiderLaw PC
1840 Century Park East, 15ᵗʰ Floor
Los Angeles, CA 90067

5

1 | reporting in or calling for backup officers, leaving the terminal without adequate security in
2 | violation of Defendants' policies and procedures. Defendant Ciancia was able to freely walk
3 | about, go up an escalator, return to the checkpoint, and shoot Hernandez yet again,
4 | because inadequate security was present at the terminal due to the aforementioned
5 | violation of Defendants' instructions, orders, directions, policies, and procedures.

6 |      18.    Plaintiffs are informed and believe, and thereon allege, that Doe Defendants
7 | 1 and 2 were Defendants', LAWA, City, LAWAPD, LAXPD, LAPD, and/or County,
8 | officers/agents/employees assigned to Terminal 3 of LAX and that said Doe Defendants left
9 | their positions in the terminal without calling for replacement officers, leaving the terminal
10 | without adequate coverage, in violation of Defendants', Los Angeles World Airports', City
11 | of Los Angeles', The Airport Police at Los Angeles', the Los Angeles Police Department's,
12 | and the County of Los Angeles' instructions, orders, directions, policies and procedures.

13 |      19.    Plaintiffs are informed and believe, and thereon allege, that Defendants, Los
14 | Angeles World Airports, City of Los Angeles, the Airport Police at Los Angeles, Los Angeles
15 | Police Department, Los Angeles Fire Department, and County of Los Angeles, failed to
16 | properly hire, train, and supervise their agents, partners, co-conspirators, contractors,
17 | subcontractors, and/or employees. Further, Defendants did not properly hire, train, or
18 | supervise personnel to assess emergency situations so as to properly and timely secure
19 | LAX, timely summon medical aid, protect travelers, protect employees, or others.

20 |      20.    Plaintiffs are informed and believe, and thereon allege, that Defendants, and
21 | each of them, failed to properly assess the emergency situation or adequately, timely, and
22 | properly secure LAX. Defendants, and each of them, did not follow incident command
23 | basics and as a result Defendants failed to secure the terminal so that first responders
24 | could enter. Hernandez lay wounded approximately 20 feet from an exit without medical
25 | attention for more than thirty minutes. Hernandez was in immediate need of medical
26 | attention. Defendants wrongfully, negligently, intentionally, and/or with a deliberate
27 | indifference to Hernandez's rights and safety, failed to timely summon and/or provide
28 | medical assistance to Hernandez. This delay in seeking and providing medical assistance

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

6

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

1  demonstrated a conscious disregard for Hernandez's medical condition, and was a
2  contributing factor in Hernandez's death.

3       21.     Plaintiffs are informed and believe, and thereon allege, that Defendants, and
4  each of them, failed to implement and have in place, an adequate security and incident
5  prevention policy and procedure, an alert and response mobilization policy and procedure,
6  a proper incident command structure that integrated all response partners, and failed to
7  interface, train, and synchronize personnel.  Further, Defendants, and each of them, had
8  an inadequate victim extraction plan in place at the time of the incident.  Defendants'
9  training was inadequate and deficient, Defendants failed to train service workers, and
10 Defendants failed to include all airport personnel in emergency drills.  There existed
11 inadequate emergency response training to respond effectively to active shooter scenarios,
12 there was a lack of specialized training for workers who perform security functions, there
13 were inadequate emergency response and evacuation drills, and an unreliable emergency
14 infrastructure.  Several years prior to this incident, the mayoral committee disclosed and
15 Defendants failed to rectify significant deficiencies, including but not limited to, a lack of
16 standardized approaches to response times for incidents; a failure to implement
17 recommendations requiring law enforcement officer presence within 300 feet of TSA
18 screening stations; a failure to implement recommendations to allow police access to
19 closed-circuit TVs; a lack of definitive standards of operating procedures between law
20 enforcement officers and TSA; a failure to provide tools, equipment and resources for law
21 enforcement officers to better perform their jobs. It was also found that airport management
22 at LAX had not balanced policing and security with their ambitions to physically expand the
23 airport; failed to timely implement and address RAND findings for enhancing security which
24 were presented and recommended in 2004 and 2006, including updated technology
25 systems; and failed to remedy insufficient and ineffective coordination and communication
26 between agencies and Defendants. LAWAPD denied LAPD's request for cooperation in
27 an assessment of the airport, there was inconsistent gathering and sharing of intelligence,
28 Defendants failed to regularly schedule meetings among all public safety and security

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

7

COMPLAINT FOR DAMAGES

EXHIBIT A

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

1   agencies at LAX, and tensions between the LAWAPD and LAPD command staff and the
2   airport police union impacted coordination of law enforcement activities at the airport.
3   These were all a factor in causing Decedent's death and Plaintiffs' injuries and damages.
4   Prior to and subsequent to this incident there was found to be a lack of coordination of
5   police services by LAWAPD and LAPD; police resources were diverted away from LAX; and
6   there was a lack of a single unified police department, all instrumental in the death of
7   Decedent.

8       22.   Plaintiffs are informed and believe, and thereon allege, that Defendants, and
9   each of them, failed to properly inspect and maintain the premises and emergency
10  equipment, including but not limited to, deficient and inadequate communication equipment
11  and emergency alert and warning systems, resulting in delayed communications and
12  responses during the incident.  The 911 "Red Phones" were outdated, and in some
13  instances, were not working properly.  When 911 calls were made, operators were unable
14  to determine where the calls were coming from, delaying response time of emergency
15  personnel. The 911 system at LAX did not go to airport police and this issue was identified
16  and addressed as problematic years before this incident, putting Defendants on notice of
17  the deficiencies and dangers.  Also addressed prior to this incident was a deficiency that
18  at LAX 911 calls from land lines go to LAPD while 911 calls from cell phones go to the
19  sheriff's department negatively impacting response time and coordination.  Further, there
20  were multiple inoperable panic buttons, with some reports stating as many as eleven of the
21  twelve were inoperable.   Had the panic buttons been operational they would have
22  automatically notified the authorities of an emergency and pointed a camera toward the
23  area in question, giving police a bird's eye view into the situation, making the rendering of
24  aid to Decedent and securing the facility possible.

25      23.   Plaintiffs are informed and believe, and thereon allege, that Defendants, and
26  each of them, failed to implement security technology that would have facilitated
27  communications among the law enforcement agencies even though recommended by the
28  Mayor's Blue Ribbon Panel on Airport Security in 2011, two years predating this incident.

8

1  There were problems with the Regional Video Command Center resulting in delays at LAX,

2  and inadequate radio communications and interoperability between Defendants.  Further,

3  Defendants failed to supervise and monitor contractors retained to repair, remedy, and/or

4  update LAX emergency and communications equipment. The work was not performed

5  and/or was not performed in a timely manner.  Defendants failed to properly inspect its'

6  premises and created a dangerous condition thereon that Defendants failed to rectify.

7          24.     Plaintiffs are informed and believe, and thereon allege, that Defendants, City

8  of Los Angeles and LAWA, failed to implement a record keeping system to track and ensure

9  proper use of LAX revenues for police services and failed to maximize resources.

10 Defendants agreed to implement the record keeping system on a full time basis starting July

11 2012. This failure resulted in approximately $7.87 million in unsupported charges, without

12 adequate documentation, for police services to the airport.  An additional $49 million in

13 policing funds were illegally diverted by Defendants according to the U. S. Department of

14 Transportation Inspector General.  Plaintiffs allege the diverted funds were earmarked for

15 and should have been used to increase security personnel, improve security, improve

16 response time, and update antiquated equipment and services.

17         25.     Plaintiffs are informed and believe, and thereon allege, that the acts and

18 omissions of Defendants, and each of them, as fully alleged herein, were a breach of their

19 respective duties owed to Plaintiffs and decedent and were a direct, proximate, and legal

20 cause of Plaintiffs'  injuries and damages, as further alleged herein.  In addition to the

21 above, the acts and omissions of Defendants, and each of them, that were in breach of the

22 duties owed to Plaintiffs include but are not limited to:

23         -       Defendants failed to timely implement five specific areas for improvement that

24                 were advised by the Mayor's panel in 2011: (a) emergency management did

25                 not become a higher priority at LAX; (2) LAWA did not ensure conformity to

26                 the emergency management requirements set by the City for all departments;

27                 (3) LAWA's emergency management plans were not reviewed for compliance

28                 with federal, state and local policies; (4) emergency management training and

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

9

COMPLAINT FOR DAMAGES

EXHIBIT A

1  exercises for LAWA were not integrated into and coordinated with citywide

2  efforts; and (5) LAWA emergency management and the City's Emergency

3  Management Department did not communicate with each other more

4  effectively;

5  -  Defendants failed to timely notify each other of the incident at LAX;

6  -  There was inadequate interaction between Defendants, LAWA, City,

7  LAWAPD, LAPD, LAFD and County;

8  -  LAWA's, City's, LAWAPD's, LAPD's, LAFD's and County's allocation and

9  utilization of resources was deficient;

10  -  LAWAPD failed to participate in antiterrorist committees and task forces with

11  other law enforcement agencies at LAX and this impacted prevention and

12  alignment of resources;

13  -  There exists a lack of strong leadership and accountability of LAWAPD;

14  -  LAWAPD lacks the knowledge and experience of LAPD and inadequately

15  trains, supervises, and retains personnel;

16  -  LAWA, City, LAWAPD, LAPD, LAFD and County, failed to coordinate

17  deployment of supplemental resources;

18  -  LAPD's failure to include LAWAPD on the distribution list for LAPD training

19  bulletins resulted in LAWAPD officers lack of knowledge of updated LAPD

20  policy and procedures;

21  -  LAWAPD Emergency Services Unit's ("ESU") missions were not clearly

22  delineated leading to a tendency of ESU to respond to a tactical situation as

23  if it were a SWAT team even though it lacks the training and experience of the

24  LAPD SWAT team;

25  -  There is a nonexistent and/or deficient policy governing deployment of certain

26  weapons and munitions;

27  -  There was a lack of coordinated training and intelligence gathering activities

28  between Defendants, LAWA, City, LAWAPD, LAPD, LAFD, and County;

10

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

1    -    There was a lack of Multi-Assault Counterterrorism Action Capability training

2         for active shooter scenarios;

3    -    There was a lack of field force training between LAWA, City, LAWAPD,

4         LAPD, LAFD, and County;

5    -    Defendants, LAWA, City, LAWAPD, LPD, LAFD and County, retained unfit

6         employees; and

7    -    There was a lack of LAWA, City, LAWAPD, LAPD, LAFD and County, multi-

8         agency training.

9         26.    On April 16, 2014, Plaintiffs timely filed a Claim for Damages against the City

10   of Los Angeles, including but not limited to the Los Angeles World Airport, the Airport Police

11   at Los Angeles World Airport, and other City of Los Angeles agencies.  On May 31, 2014,

12   Los Angeles World Airports denied Plaintiffs' claim.  On May 30, 2014, the City of Los

13   Angeles denied Plaintiffs' claim.  The Claim for Damages and denial letters are attached

14   hereto as Exhibit 1.

15        27.    On April 17, 2014, Plaintiffs filed a Claim for Damages against the County of

16   Los Angeles.  On April 22, 2014, the County of Los Angeles, rejected Plaintiffs' claim.  The

17   Claim for Damages and rejection letter are attached hereto as Exhibit 2.

18                          **FIRST CAUSE OF ACTION**
                        **(Pursuant to *Cal. Government Code* §815.2**
19           **Liability for Injuries by Employee Within Scope of Employment)**
                 **(By Plaintiffs Against All Defendants and Does 1 through 50)**
20

21        28.    Plaintiffs hereby re-allege and incorporate by reference each and every

22   preceding paragraph as though fully set forth herein.

23        29.    Plaintiffs are informed and believe and thereon allege that Defendants, and

24   Does 1 through 50, and each of them, pursuant to *Cal. Government Code* § 815.2(a) are

25   liable for injury proximately caused by the acts and omissions of their employees, which are

26   described more fully herein, including but not limited to, officers leaving their assigned posts

27   without calling in and securing backup, employees failing to follow instructions, orders,

28   policies, and procedures, employees failing to properly access the emergency situation or

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

11

1   timely securing the terminal and seeking medical aid for Decedent, and employees illegally

2   diverting in excess of $49 million in policing funds.

3       30.    Plaintiffs are informed and believe and thereon allege that Defendants, their

4   employees, and Does 1 through 50, and each of them, as a result of their negligence,

5   action, and/or inaction, caused injury and damages to Plaintiffs, and in doing the things

6   herein above alleged were acting within the course and scope of such agency and

7   employment.

8       31.    The acts and omissions of Defendants, and Does 1 through 50, and each of

9   them, as fully alleged herein were in breach of their respective duties owed to Plaintiffs and

10  decedent and were a direct, proximate and legal cause of the injuries and ultimate death

11  of the decedent as further alleged herein.

12      32.    As a direct and proximate result of the acts and omissions of the Defendants

13  and Does 1 through 50, and each of them, as further alleged herein, Plaintiffs have and will

14  sustain pecuniary loss resulting from a loss of teaching, skill, knowledge, service, talent,

15  love, comfort, affection, companionship, guidance, society, care, solace, and moral support.

16  Plaintiffs have and will by virtue of these losses suffer both economic and noneconomic

17  damages, both past and future, in amounts to be determined according to proof at the time

18  of trial.

19      33.    As a direct and proximate result of the acts and omissions of the Defendants

20  and Does 1 through 50, and each of them, as further alleged herein, Plaintiffs have and will

21  further suffer certain economic damages for burial and other final expenses of the

22  decedent.

23            **SECOND CAUSE OF ACTION**
          **(Pursuant to *Cal. Government Code* §815.4**

24            **Liability for Injuries by Independent Contractors)**
          **(By Plaintiffs Against All Defendants and Does 51 through 75)**

25

26      34.    Plaintiffs hereby re-allege and incorporate by reference each and every

27  preceding paragraph as though fully set forth herein.

28  ///

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

1    35.    Plaintiffs are informed and believe and thereon allege that Defendants, and
2    Does 51 through 75, and each of them, pursuant to *Cal. Government Code* § 815.4 are
3    liable for injury proximately caused by a tortious act or omission of an independent
4    contractor, which are described more fully herein, including but not limited to failing to
5    repair/replace defective communication equipment and emergency alert warning systems,
6    failing to rectify and repair routing of land line and cell phone calls, failing to timely and
7    adequately update security technology to facilitate communications, and failing to
8    repair/replace defective 911 "Red Phones" and inoperable panic buttons, resulting in
9    delayed communications and responses during the incident.

10   36.    Plaintiffs are informed and believe, and thereon allege, that Defendants, and
11   Does 51 through 75, and each of them, had a duty to own, operate, maintain, inspect,
12   repair, and secure the premises and emergency equipment at LAX in a timely manner, as
13   alleged herein with such care and skill so as to avoid causing injury and harm to others
14   including the decedent Gerardo Ismael Hernandez.

15   37.    Plaintiffs are informed and believe and thereon allege that Defendants, their
16   agents, contractors, subcontractors, and Does 51 through 75, and each of them, as a result
17   of their negligence, action, and/or inaction, caused injury and damages to Plaintiffs, and in
18   doing the things herein alleged were acting within the course and scope of such agency and
19   employment.

20   38.    The acts and omissions of Defendants, and Does 51 through 75, and each
21   of them, as fully alleged herein were in breach of their respective duties owed to Plaintiffs
22   and decedent and were a direct, proximate, and legal cause of the injuries and ultimate
23   death of the decedent as further alleged herein.

24   39.    As a direct and proximate result of the acts and omissions of the Defendants
25   and Does 51 through 75, as further alleged herein, Plaintiffs have and will sustain pecuniary
26   loss resulting from a loss of teaching, skill, knowledge, service, talent, love, comfort,
27   affection, companionship, guidance, society, care, solace, and moral support.  Plaintiffs
28   ///

AlderLaw PC
1840 Century Park East, 15ᵗʰ Floor
Los Angeles, CA 90067

13

**COMPLAINT FOR DAMAGES**
**EXHIBIT A**

1 | have and will by virtue of these losses suffer both economic and noneconomic damages,
2 | both past and future, in amounts to be determined according to proof at the time of trial.

3 |     40.   As a direct and proximate result of the acts and omissions of the Defendants
4 | and Does 51 through 75, and each of them, as further alleged herein,  Gerardo Ismael
5 | Hernandez died and Plaintiffs' suffered damages, as set forth herein.

6 | **THIRD CAUSE OF ACTION**
7 | **(Pursuant to *Cal. Government Code* §815.6**<br>**Mandatory Duty of Public Entity to Protect Against Particular Kinds of Injuries)**<br>**(By Plaintiffs Against All Defendants and Does 1 through 100)**
8 |     41.   Plaintiffs hereby re-allege and incorporate by reference each and every
9 | preceding paragraph as though fully set forth herein.

10 |     42.   Plaintiffs are informed and believe and thereon allege that Defendants,  and
11 | Does 1 through 100, and each of them, are liable for Decedent's death and Plaintiffs'
12 | injuries and damages pursuant to *Cal. Government Code* § 815.6.  Defendants had a
13 | mandatory duty imposed by enactment that was designed to protect against the risk of a
14 | particular kind of injury, namely the death of Gerardo Hernandez, and Defendants failed to
15 | discharge that duty and Defendants failed to exercise reasonable diligence to discharge
16 | said duty.

17 |     43.   Plaintiffs are informed and believe and thereon allege that Decedent and
18 | Plaintiffs were harmed because Defendants, and Does 1 through 100, and each of them,
19 | violated 14 *Code of Federal Regulations* (CFR) Part 139 requirements to develop and
20 | implement an airport safety self-inspection program, as set forth more fully herein.
21 | Defendants were under a duty to perform periodic condition inspections of the facilities.
22 | Special inspections of the facilities were also required to be conducted when an unusual
23 | condition or unusual event occurs on the airport.  Prior to the subject incident several
24 | unusual events occurred, including but not limited to dry ice bomb explosions.  The safety
25 | self-inspection requirements include procedures for reporting and correcting deficiencies.
26 | Defendants, and each of them, violated said requirements, as described more fully herein.

27 |     44.   Plaintiffs are informed and believe and thereon allege that Decedent and
28 | Plaintiffs were harmed because Defendants,  and Does 1 through 100, and each of them,

AlderLaw PC<br>1840 Century Park East, 15th Floor<br>Los Angeles, CA 90067

14

1  violated 14 *Code of Federal Regulations* (CFR) Part 139 requirements that during
2  inspection of aircraft rescue and fire fighting capabilities, the inspector is required to ensure
3  alarm and emergency notification communication systems are operable. Defendants were
4  under a duty to identify the unsatisfactory conditions and take appropriate follow-up action
5  to remedy the unsatisfactory condition.

6       45.    Plaintiffs are informed and believe and thereon allege that Decedent and
7  Plaintiffs were harmed because Defendants, and Does 1 through 100, and each of them,
8  violated 14 *Code of Federal Regulations* (CFR) Part 139.325 requirements that Defendants
9  develop and maintain an airport emergency plan designed to minimize the possibility and
10 extent of personal injury and property damage on the airport in an emergency.  The plan
11 required under the *Code* must contain adequate guidance to implement and respond to "a
12 sabotage, hijack incidents, and other unlawful interference with operations." The *Code* also
13 calls for provisions for medical services, and Plaintiffs are informed and believe that the plan
14 and procedures were either not in place or substantially deficient and therefore in violation
15 of the *Code*.

16      46.    Plaintiffs are informed and believe and thereon allege that Decedent and
17 Plaintiffs were harmed because Defendants, and Does 1 through 100, and each of them,
18 further violated 14 *Code of Federal Regulations* (CFR) Part 139.325 requirements that
19 Defendants have in place procedures for the marshaling, transportation, and care of
20 ambulatory injured and uninjured accident survivors, and working emergency alarm or
21 notification systems. Further, each certificate holder is required to coordinate the plan with
22 law enforcement agencies, rescue and firefighting agencies, medical personnel and
23 organizations, the principal tenants at the airport, and all other person who have
24 responsibilities under the plan.

25      47.    Plaintiffs are informed and believe and thereon allege that Decedent and
26 Plaintiffs were harmed because Defendants, and Does 1 through 100, and each of them,
27 violated 14 *Code of Federal Regulations* (CFR) Part 139.325 requirements that Defendants
28 review the plan with all of the parties with whom the plan is coordinated at least once very

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

15

**COMPLAINT FOR DAMAGES**
**EXHIBIT A**

1   12 consecutive months to ensure that all parties know their responsibilities and that all of

2   the information in the plan is current.

3        48.     Plaintiffs are informed and believe and thereon allege that Decedent and

4   Plaintiffs were harmed because Defendants, and Does 1 through 100, and each of them,

5   violated Title 49, Subtitle B, Chapter XII, Subchapter C, Part 1542, Subpart C, §§ 1500 -

6   1699 of the *Federal Regulations* which govern airport security and operations. Section

7   1542.217 sets forth requirements that law enforcement personnel meet certain

8   qualifications and complete a training program that meets the training standard for law

9   enforcement officers prescribed by either State or local jurisdiction in which the airport is

10  located, and that the training standards be acceptable to the TSA, if the State and local

11  jurisdictions in which the airport is located do not prescribe training standards. Defendants,

12  as defined in the Federal Regulations were airport operators required to have a security

13  program under § 1542.103(a) or (b).  Section 1542.215, titled law enforcement support,

14  required that each airport operator must provide (1) law enforcement personnel in the

15  number and manner adequate to support its security program; and (2) uniformed law

16  enforcement personnel in the number and manner adequate to support each system for

17  screening persons and accessible property required under part 1544 or 1546.  As set forth

18  more fully herein, the training program did not meet the training standards, funds allocated

19  for police staffing were illegally diverted, and Plaintiffs are informed and believe, insufficient

20  law enforcement personnel were allocated.

21       49.     Plaintiffs are informed and believe and thereon allege that Defendants, their

22  agents, employees, supervisors, managers, contractors, subcontractors, and Does 1

23  through 100, and each of them, as a result of their negligence, action, and/or inaction, in

24  failing to perform their mandatory duties, caused injury and damages to Plaintiffs.

25       50.     The acts and omissions of Defendants,  and Does 1 through 100, and each

26  of them, as fully alleged herein were in breach of their respective duties owed to Plaintiffs

27  and decedent and were a direct, proximate, and legal cause of the injuries and ultimately

28  ///

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

16

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

1   the death of the decedent as further alleged herein.  Defendants' failure to perform their

2   duties was a substantial factor in causing Plaintiffs' harm.

3        51.    As a direct and proximate result of the acts and omissions of the Defendants

4   and Does 1 through 100, as further alleged herein, Plaintiffs have and will sustain pecuniary

5   loss resulting from a loss of teaching, skill, knowledge, service, talent, love, comfort,

6   affection, companionship, guidance, society, care, solace, and moral support.  Plaintiffs

7   have and will by virtue of these losses suffer both economic and noneconomic damages,

8   both past and future, in amounts to be determined according to proof at the time of trial.

9        52.    As a direct and proximate result of the acts and omissions of the Defendants

10  and Does 1 through 100, as further alleged herein, Gerardo Ismael Hernandez died and

11  Plaintiffs suffered damages, as set forth herein.

12  **FOURTH CAUSE OF ACTION**
**(Pursuant to *Cal. Government Code* §818.6**
**Liability for Failure to Inspect, or Negligent Inspection of Property)**
**(By Plaintiffs Against All Defendants and Does 1 through 100)**

14       53.    Plaintiffs are informed and believe and thereon allege that Defendants, and

15  Does 1 through 100, and each of them, pursuant to *Cal. Government Code* § 818.6 are

16  liable for injury caused by the failure to make an inspection, or by reason of making an

17  inadequate or negligent inspection, of its property, which are described more fully herein,

18  including but not limited to failing to inspect and/or inadequately or negligently inspecting

19  communication equipment and emergency alert warning systems including, but not limited

20  to the 911 "Red Phones" and panic buttons which turned out to be defective and/or

21  inoperable resulting in delayed communications and responses during the incident.

22       54.    Plaintiffs are informed and believe, and thereon allege, that Defendants and

23  Does 1 through 100, and each of them, had a duty to adequately inspect the premises and

24  emergency equipment at LAX, as alleged herein with such care and skill so as to avoid

25  causing injury and harm to others including the Gerardo Ismael Hernandez.

26       55.    Plaintiffs are informed and believe and thereon allege that Defendants, their

27  agents, employees, supervisors, managers, contractors, subcontractors, and Does 1

28  through 100, and each of them, as a result of their negligence, action, and/or inaction, in

17

1  failing to inspect and/or inadequately or negligently inspecting communication equipment

2  and emergency alert warning systems including the 911 "Red Phones" and panic buttons,

3  caused injury and damages to Plaintiffs.

4        56.    The acts and omissions of Defendants, and Does 1 through 100, and each

5  of them, as fully alleged herein were in breach of their respective duties owed to Plaintiffs

6  and decedent and were a direct, proximate and legal cause of the injuries and ultimately the

7  death of the Gerardo Ismael Hernandez as further alleged herein.

8        57.    As a direct and proximate result of the acts and omissions of the Defendants

9  and Does 1 through 100, as further alleged herein, Plaintiffs have and will sustain pecuniary

10  loss resulting from a loss of teaching, skill, knowledge, service, talent, love, comfort,

11  affection, companionship, guidance, society, care, solace, and moral support.  Plaintiffs

12  have and will by virtue of these losses suffer both economic and noneconomic damages,

13  both past and future, in amounts to be determined according to proof at the time of trial.

14        58.    As a direct and proximate result of the acts and omissions of the Defendants

15  and Does 1 through 100, as further alleged herein,  Gerardo Ismael Hernandez died and

16  Plaintiffs suffered damages, as set forth herein.

17  **FIFTH CAUSE OF ACTION**
   **(Pursuant to *Cal. Government Code* §835 et seq.**

18  **Liability for Injury Caused by Dangerous Condition of Property)**
   **(By Plaintiffs Against All Defendants and Does 1 through 100)**

19        59.    Plaintiffs are informed and believe and thereon allege that Defendants, and

20  each of them, pursuant to *Cal. Government Code* §§ 835(a)(b) and 835.2 are liable for

21  injury caused by a dangerous condition of its property.

22        60.    Plaintiffs are informed and believe and thereon allege that Defendants, and

23  Does 1 through 100, and each of them, owned or controlled the property; the property was

24  in a dangerous condition at the time of the incident; the dangerous condition created a

25  reasonably foreseeable risk of the kind of incident that occurred; the negligent or wrongful

26  conduct of Defendants, their agents, employees, supervisors, managers, contractors,

27  subcontractors, and each of them, created the dangerous condition; Defendants had notice

28  of the dangerous condition for a long enough time to have protected against it; Decedent

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

18

1  and Plaintiffs were harmed; and the dangerous condition was a substantial factor in causing
2  Decedent's and Plaintiffs' harm, which are described more fully herein.

3       61.    Plaintiffs are informed and believe and thereon allege that Defendants and
4  Does 1 through 100, and each of them, inadequately or negligently inspected
5  communication equipment and emergency alert warning systems including, but not limited
6  to, the 911 "Red Phones" and panic buttons and failed to timely and properly repair and/or
7  replace the defective and/or inoperable equipment creating, and allowing to exist, the
8  dangerous condition of its property.

9       62.    Plaintiffs are informed and believe, and thereon allege, that Defendants, and
10 Does 1 through 100, and each of them, had a duty to timely remediate the dangerous
11 condition of its property, which was known to them, as alleged herein with such care and
12 skill so as to avoid causing injury and harm to others including the decedent Gerardo Ismael
13 Hernandez.

14      63.    Plaintiffs are informed and believe and thereon allege that Defendants, their
15 agents, employees, supervisors, managers, contractors, subcontractors, and Does 1
16 through 100, and each of them, as a result of their negligence, action, and/or inaction, in
17 failing to timely remediate the dangerous condition of its property, which was known to
18 them, caused injury and damages to Plaintiffs.

19      64.    The acts and omissions of Defendants, and Does 1 through 100, and each
20 of them, as fully alleged herein were in breach of their respective duties owed to Plaintiffs
21 and decedent and were a direct, proximate and legal cause of the injuries and ultimate
22 death of the decedent as further alleged herein.

23      65.    As a direct and proximate result of the acts and omissions of the Defendants
24 and Does 1 through 100, as further alleged herein, Plaintiffs have and will sustain pecuniary
25 loss resulting from a loss of teaching, skill, knowledge, service, talent, love, comfort,
26 affection, companionship, guidance, society, care, solace and moral support. Plaintiffs have
27 and will by virtue of these losses suffer both economic and noneconomic damages, both
28 past and future in amounts to be determined according to proof at the time of trial.

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

19

1    66.    As a direct and proximate result of the acts and omissions of the Defendants
2  and Does 1 through 100, as further alleged herein,  Decedent was killed and Plaintiffs
3  suffered damages, as set forth herein.

### **PRAYER FOR DAMAGES**

5        WHEREFORE, Plaintiffs pray for damages against Defendants, and each of them,
6  as follows:

7    1.    For general damages according to proof as against all defendants;

8    2.    For economic damages according to proof against all defendants;

9    3.    For interest as allowed by law;

10   4.    For costs of the suit incurred herein; and

11   5.    For such other and further relief as the court deems just and proper.

12

13  DATED: October 6, 2014                    ALDERLAW, PC

14

15                            BY: _____

16                                MICHAEL ALDER
                                   MARY L. CARUSO
17                                Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**
**EXHIBIT A**

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand, as a matter of right, trial by jury in this case on all causes of action.

DATED: October 6, 2014

ALDERLAW, PC

BY: _____
MICHAEL ALDER
MARY L. CARUSO
Attorneys for Plaintiff

AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

21

**COMPLAINT FOR DAMAGES**

**EXHIBIT A**

# EXHIBIT 1

FORM CONT. NO-A (Rev. 2011)

<table>
<tr><td></td><td>RESERVE FOR FILING STAMP<br>CLAIM NO. _____</td></tr>
</table>

# CLAIM FOR DAMAGES
## TO PERSON OR PROPERTY

### INSTRUCTIONS

1. Claims for death, injury to person or to personal property must be filed not later than six months after the occurrence. (Gov. Code Sec. 911.2).
2. Claims for damages relating to any other type of occurrence must be filed not later than one year after the occurrence. (Gov. Code Sec. 911.2).
3. Read entire claim before filing. Claim can be mailed or filed in person. No faxes accepted.
4. See Page 3 for diagram upon which to locate place of accident.
5. This claim form must be signed on Page 3 at bottom.
6. Attach separate sheets, if necessary, to give full details. SIGN EACH SHEET.
7. Fill out in duplicate. ONE COPY TO BE RETAINED BY CLAIMANT.
8. Claim must be filed with CITY CLERK. (Gov. Code Sec. 915A)
   200 NORTH SPRING STREET, ROOM 395, CITY HALL, LOS ANGELES, CA 90012

TO:  CITY OF LOS ANGELES

RECEIVED CITY CLERK'S OFFICE 2014 APR 16 PM 4:11 CITY CLERK BY _____ DEPUTY

| Name of Claimant | | Age of Claimant |
|---|---|---|
| Ana Z. Machuca, Luis G. Hernandez, and Stephanie M. Hernandez | | 35, 14, and 11 |

| Home address of Claimant | City, State and Zip Code | Home Telephone Number |
|---|---|---|
| ▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮ |

| Business address of Claimant | City, State and Zip Code | Business Telephone Number |
|---|---|---|
| | | |

**Give address to which you desire notices or communications to be sent regarding this claim:**
C. Michael Alder c/o AlderLaw PC 1840 Century Park East, 15th Floor, Los Angeles, CA 90067

**How did DAMAGE or INJURY occur? Please include as much detail as possible.**
Transportation Security Administration officer Gerardo Ismael Hernandez (Claimant's husband and father) was shot and killed at Terminal 3 of Los Angeles International Airport by Paul Ciancia.

**When did DAMAGE or INJURY occur? Please include the date and time of the damage or injury.**
Approximately 9:20 a.m. on November 1, 2013

**Where did DAMAGE or INJURY occur? Please describe fully, and locate on the diagram on the reverse side of this sheet. Where appropriate, please give street names and addresses or measurements from specific landmarks:**
Terminal 3 of Los Angeles International Airport, 380 World Way, Los Angeles, CA 90045

**What particular ACT or OMISSION do you claim caused the injury or damage? Please give names of City employees causing the injury or damage and identify any vehicles involved by license plate number, if known.**
See Attachment.

**Please list names and address of Witnesses, Doctors and Hospitals:**
LAC/UCLA Harbor Medical Center, Los Angeles Fire Department, Dr. Kathy Palatnik, Dr. David Plurad, Kristy McCracken, Assistant Chief Ed Winter, Larry Dietz

SEE PAGE 3                           THIS CLAIM MUST BE SIGNED AT BOTTOM

PAGE 2

**EXHIBIT A**

What DAMAGE or INJURIES do you claim resulted?  Please give full extent of injuries or damages claimed:

Wrongful Death of Gerardo Hernandez causing loss of support to his wife and children, all of whom further suffered loss of love, affection, care, comfort, society, companionship and guidance of their husband and father.

What is the AMOUNT of your claim?  Please itemize your damages:

Although the exact amount cannot yet be known, the total claim for economic and non-economic damages will exceed $25 million.

If you have received any insurance payments, please give the names of the insurance companies:

Unknown at this time.

For all accident claims please place on the following diagram the names of the streets where the accident occurred and the nearest cross-streets; indicate the place of the accident by an "X" and by showing the nearest address and distances to street corners.  Please indicate where North is on the diagram.

Note:  if the diagram does not fit the situation, please attach your own diagram.



| Signature of Claimant or person filing on claimant's behalf giving relationship to claimant: | Print Name: | Date: |
|---|---|---|
|  | MICHAEL ALDER | 4/16/14 |

PAGE 3

**EXHIBIT A**

## ATTACHMENT

What particular ACT or OMISSION do you claim caused the injury or damage? Please give names of City employees causing the injury or damage and identify any vehicles involved by license plate number, if known.

The City of Los Angeles, including but not limited to the Los Angeles World Airport (LAWA), the Airport Police at Los Angeles World Airport, and other City of Los Angeles agencies, failed to properly hire, supervise, train, staff, and plan for the protection and safety of individuals and personnel at Los Angeles International Airport. Further, City of Los Angeles employees failed in the performance of their duties which created a dangerous lapse in security that allowed Gerardo Ismael Hernandez to be fatally shot and killed at Terminal 3 of Los Angeles International Airport by Paul Ciancia. Further, City of Los Angeles employees prevented and/or delayed medical care to be properly and/or timely administered to injured people. As a direct result of the wrongful acts and omissions of its officers, directors, employees and agents, claimants suffered damages.

**EXHIBIT A**



**Los Angeles
World Airports**

**CERTIFIED RETURN
RECEIPT REQUESTED**

May 31, 2014

LAX

LA/Ontario

Van Nuys

**City of Los Angeles**

Eric Garcetti
Mayor

**Board of Airport
Commissioners**

Sean O. Burton
President

Valeria C. Velasco
Vice President

Gabriel L. Eshaghian
Jackie Goldberg
Beatrice C. Hsu
Matthew M. Johnson
Dr. Cynthia A. Telles

Gina Marie Lindsey
Executive Director

Ms. Ana Z. Machuca
c/o C. Michael Alder, AdlerLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

RE:   Claimant:            Ana Z. Machuca
      Date of Loss:        November 1, 2013
      LAWA Claim No.:      2013084001/BDB

Dear Ms. Machuca:

Notice is hereby given that the claim you presented to the Board of Airport
Commissioners on April 16, 2014 is deemed denied by operation of law.  (See
California Government Code Section 912.4).

Please note the following:

> Subject to certain exceptions, you have only six (6) months from the date
> this notice was personally delivered or deposited in the mail to file a court
> action on this claim.  (See California Government Code Section 945.6).

> You may seek the advice of an attorney of your choice in connection with
> this matter. If you so desire to consult an attorney, you should do so
> immediately.

Sincerely,

Bruce D. Brown, Risk Manager III
Risk Management Division

BDB:clp

cc:   O. Winslow
      D. Heersema
      File



1 World Way   Los Angeles   California   90045-5803   Mail   P.O. Box 92216   Los Angeles   California   90009-2216   Telephone   310 646 5252   Internet   www.lawa.aero

**EXHIBIT A**



**Los Angeles World Airports**

**CERTIFIED RETURN
RECEIPT REQUESTED**

May 31, 2014

LAX

LA/Ontario

Van Nuys

City of Los Angeles

Eric Garcetti
Mayor

Board of Airport
Commissioners

Sean O. Burton
President

Valeria C. Velasco
Vice President

Gabriel L. Eshaghian
Jackie Goldberg
Beatrice C. Hsu
Matthew M. Johnson
Dr. Cynthia A. Telles

Gina Marie Lindsey
Executive Director

Master Luis G. Hernandez
c/o C. Michael AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA  90067

RE:   Claimant:           Luis C. Hernandez
      Date of Loss:       November 1, 2013
      LAWA Claim No.:     2013084002/BDB

Dear Master Hernandez:

Notice is hereby given that the claim you presented to the Board of Airport Commissioners on April 16, 2014 is deemed denied by operation of law.  (See California Government Code Section 912.4).

Please note the following:

    Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  (See California Government Code Section 945.6).

    You may seek the advice of an attorney of your choice in connection with this matter. If you so desire to consult an attorney, you should do so immediately.

Sincerely,

Bruce D. Brown, Risk Manager III
Risk Management Division

BDB:clp

cc:   O. Winslow
      D. Heersema
      File



1 World Way   Los Angeles   California   90045-5803   Mail   P.O. Box 92216   Los Angeles   California   90009-2216   Telephone   310 646 5252   Internet   www.lawa.aero

**EXHIBIT A**

 **Los Angeles World Airports**

**CERTIFIED RETURN**
**RECEIPT REQUESTED**

May 31, 2014

LAX

LA/Ontario

Van Nuys

City of Los Angeles

Eric Garcetti
Mayor

Board of Airport
Commissioners

Sean O. Burton
President

Valeria C. Velasco
Vice President

Gabriel L. Eshaghian
Jackie Goldberg
Beatrice C. Hsu
Matthew M. Johnson
Dr. Cynthia A. Telles

Gina Marie Lindsey
Executive Director

Miss Stephanie M. Hernandez
c/o C. Michael Alder, AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA  90067

RE:    Claimant:           Stephanie M. Hernandez
       Date of Loss:       November 1, 2013
       LAWA Claim No.:     2013084003/BDB

Dear Miss Hernandez:

Notice is hereby given that the claim you presented to the Board of Airport
Commissioners on April 16, 2014 is deemed denied by operation of law.  (See
California Government Code Section 912.4).

Please note the following:

   Subject to certain exceptions, you have only six (6) months from the date
   this notice was personally delivered or deposited in the mail to file a court
   action on this claim. (See California Government Code Section 945.6).

   You may seek the advice of an attorney of your choice in connection with
   this matter. If you so desire to consult an attorney, you should do so
   immediately.

Sincerely,

Bruce D. Brown, Risk Manager III
Risk Management Division

BDB:clp

cc:    O. Winslow
       D. Heersema
       File



1 World Way  Los Angeles  California  90045-5803  Mail  P.O. Box 92216  Los Angeles  California  90009-2216  Telephone  310 646 5252  Internet  www.lawa.aero

**EXHIBIT A**



**MICHAEL N. FEUER**
CITY ATTORNEY

05/30/2014

C. M. Alder
AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

    RE:   Our Claim No.: C14-4155
           Your Client: Ana Z. Machuca, Luis G. Hernandez and Stephanie Hernandez
           Date of Loss: 11/01/2013

Dear Mr. Alder:

The subject claim against the City has been referred to this office.

After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

***WARNING***

    **"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

    **"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

                    Very truly yours,

                    THOMAS H. PETERS
                    Chief Assistant City Attorney

THP:am
Telephone: (213) 978-8277
Enclosure(s)

**EXHIBIT A**

## PROOF OF SERVICE BY MAIL

I, Alfred Martinez, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On 05/30/2014, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C14-4155 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

C. M. Alder
AlderLaw PC
1840 Century Park East, 15th Floor
Los Angeles, CA 90067

I declare under penalty of perjury that the following is true and correct. Executed on 05/30/2014, at Los Angeles, California.

_____
Alfred Martinez

**EXHIBIT A**

# EXHIBIT 2

**EXHIBIT A**

## CLAIM FOR DAMAGES
## TO PERSON OR PROPERTY

FILED

COUNTY OF LOS ANGELES

**INSTRUCTIONS:**
1. Read claim thoroughly.
2. Fill out claim as indicated; attach additional information if necessary.
3. Please return this original signed claim and any attachments supporting your claim. This form must be signed.

**DELIVER OR US MAIL TO:**
EXECUTIVE OFFICER, BOARD OF SUPERVISORS, ATTENTION: CLAIMS
500 WEST TEMPLE STREET, ROOM 383, KENNETH HAHN HALL OF
ADMINISTRATION, LOS ANGELES, CA 90012

2014 APR 17 AM 9: 46

BOARD OF SUPERVISORS
COUNTY OF LOS ANGELES

TIME STAMP OFFICE USE ONLY

| 1. ☐ Mr.☒ Ms.☐ Mrs. | LAST NAME  Machuca, Ana (See attachment A for add'l claimants) | FIRST NAME | 10. WHY DO YOU CLAIM COUNTY IS RESPONSIBLE? |
|---|---|---|---|
| 2. ADDRESS OF CLAIMANT/ATTORNEY  AlderLaw, P.C., 1840 Century Park East, 15th Fl., Los Angeles, CA 90067 | | | See Attachment B |

| Street | City, State | Zip Code |
|---|---|---|

| HOME TELEPHONE:  (   ) | BUSINESS TELEPHONE:  (310) 275-9131 |
|---|---|

| 3. CLAIMANT'S BIRTHDATE:  1/24/1978 (see Attachment A for add'l claimants) | 4. CLAIMANT'S SOCIAL SECURITY NUMBER  ▮▮▮▮▮ (see Attachment A for add'l claimants) | 11. NAMES OF ANY COUNTY EMPLOYEES (AND THEIR DEPARTMENTS) INVOLVED IN INJURY OR DAMAGE (IF APPLICABLE): |
|---|---|---|

| 5. DATE AND TIME OF INCIDENT  Approximately 9:20 a.m. on November 1, 2013 | NAME  See Attachment B | DEPT. |
|---|---|---|
| | NAME | DEPT. |

| 6. WHERE DID DAMAGE OR INJURY OCCUR?  Terminal 3 of Los Angeles Int'l Airport, 380 World Way, Los Angeles, CA 90045 | 12. WITNESSES TO DAMAGE OR INJURY. LIST ALL PERSONS AND ADDRESSES OF PERSONS KNOWN TO HAVE INFORMATION: |
|---|---|

| Street | City, State | Zip Code |
|---|---|---|

| NAME  Dr. David Plurad | PHONE  (310) 222-1912 |
|---|---|

| 7. DESCRIBE IN DETAIL HOW DAMAGE OR INJURY OCCURRED:  Transportation Security Administration Officer Gerardo I. Hernandez (Claimants' husband and father) was shot and killed at Terminal 3 of LAX by Paul Ciancia. | ADDRESS  LAC/Harbor-UCLA Med Ctr., 1000 W. Carson St., Carson, CA 90502 |
|---|---|
| | NAME  Paramedics of LA Fire Dept. | PHONE |
| | ADDRESS |

| | NAME | PHONE |
|---|---|---|
| | ADDRESS |

13. LIST DAMAGES INCURRED TO DATE (and attach copies of receipts or repair estimate): Wrongful death of Gerardo I. Hernandez, loss of support to his wife and children, all of whom suffered loss of love, affection, care, comfort, society, companionship, and guidance of their father and husband, Gerardo I. Hernandez.

| 8. WERE POLICE OR PARAMEDICS CALLED?   YES ☒   NO ☐ | TOTAL DAMAGES TO DATE:  $ estimated $25 million + | TOTAL ESTIMATED PROSPECTIVE DAMAGES:  $ |
|---|---|---|

| 9. IF PHYSICIAN WAS VISITED DUE TO INJURY, INCLUDE DATE OF FIRST VISIT AND PHYSICIAN'S NAME, ADDRESS AND PHONE NUMBER:* |
|---|

| DATE OF FIRST VISIT  11/1/2013 | PHYSICIAN'S NAME  Dr. David Plurad |
|---|---|
| PHYSICIAN'S ADDRESS  LAC/Harbor-UCLA Med Ctr, 1000 W. Carson St  Carson, CA 90502 | PHONE  (310) 222-1912 |

**THIS CLAIM MUST BE SIGNED**
*NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (PENAL CODE SECTION 72)*

## WARNING

- CLAIMS FOR DEATH, INJURY TO PERSON OR TO PERSONAL PROPERTY MUST BE FILED NOT LATER THAN 6 MONTHS AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

- ALL OTHER CLAIMS FOR DAMAGES MUST BE FILED NOT LATER THAN ONE YEAR AFTER THE OCCURRENCE. (GOVERNMENT CODE SECTION 911.2)

- SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE OF THE WRITTEN NOTICE OF REJECTION OF YOUR CLAIM TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

- IF WRITTEN NOTICE OF REJECTION OF YOUR CLAIM IS NOT GIVEN, YOU HAVE TWO (2) YEARS FROM ACCRUAL OF THE CAUSE OF ACTION TO FILE A COURT ACTION. (GOVERNMENT CODE SECTION 945.6)

| 14. PRINT OR TYPE NAME  MICHAEL ALDER | DATE  04/16/14 | 15. SIGNATURE OF CLAIMANT OR PERSON FILING ON HIS/HER BEHALF GIVING RELATIONSHIP TO CLAIMANT:  Attorney for Claimants  REVISED 4/06 |
|---|---|---|

## EXHIBIT A

**Attachment A**

<u>Additional Claimants:</u>

1. **Luis G. Hernandez** - DOB: 2/12/1999; Social Security #: ▮▮▮▮▮▮
2. **Stephanie M. Hernandez** – DOB: 7/8/2002; Social Security #: ▮▮▮▮▮▮

**ATTACHMENT B**

What particular ACT or OMISSION do you claim caused the injury or damage? Please give names of City employees causing the injury or damage and identity any vehicles involved by license plate number, if known.

The City of Los Angeles, including but not limited to the Los Angeles World Airport (LAWA), the Airport Police at Los Angeles World Airport, and other City of Los Angeles agencies, failed to properly hire, supervise, train, staff, and plan for the protection and safety of individuals and personnel at Los Angeles International Airport. Further, City of Los Angeles employees failed in the performance of their duties which created a dangerous lapse in security that allowed Gerardo Ismael Hernandez to be fatally shot and killed at Terminal 3 of Los Angeles International Airport by Paul Ciancia. Further, City of Los Angeles employees prevented and/or delayed medical care to be properly and/or timely administered to injured people. As a direct result of the wrongful acts and omissions of its officers, directors, employees and agents, claimants suffered damages.

**EXHIBIT A**



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL
648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

**JOHN F. KRATTLI**
County Counsel

April 22, 2014

Michael Alder, Esq.
ALDER LAW P.C.
1840 Century Park East, 15th Flr.
Los Angeles, California 90067

Re:  **Claim(s) Presented:**        **April 17, 2014**
     **File Number(s):**            **14-1113671*001**
     **Your Client(s):**            **Ana Machuca**

Dear Counselor:

   This letter is to inform you that the above-referenced claim, which you presented to the Los Angeles County Board of Supervisors, was rejected on **April 18, 2014.**

   A preliminary investigation fails to indicate any involvement on the part of the County of Los Angeles, its officers, agents, or employees. Accordingly, your claim was rejected on that basis.

   STATE LAW REQUIRES THAT YOU BE GIVEN THE FOLLOWING "WARNING":

   Subject to certain exceptions, you have only (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

HOA.1061445.1

**EXHIBIT A**

Michael Alder, Esq.
Page 2


     This time limitation applies only to causes of action for which Government Code sections 900 - 915.4 require you to present a claim.  Other causes of action, including those arising under federal law, may have different time limitations.

                Very truly yours,

                JOHN F. KRATTLI
                County Counsel

                By

                JOANNE NIELSEN
                Principal Deputy County Counsel
                General Litigation Division


JN:ce

HOA.1061445.1

**EXHIBIT A**

**PROOF OF SERVICE**

**File No. 14-1113671*001**

STATE OF CALIFORNIA, County of Los Angeles:

    Carolyn Edwards states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713

    That on April 25, 2014, I served the attached

**NOTICE OF DENIAL LETTER**

upon Interested Party(ies) by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

Michael Alder, Esq.
ALDER LAW P.C.
1840 Century Park East, 15th Flr.
Los Angeles, California 90067

**By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on April 25, 2014, at Los Angeles, California.

| Carolyn Edwards | *Carolyn Edwards* |
|---|---|
| (NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

HOA.1036216.1

**EXHIBIT A**



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

JOHN F. KRATTLI
County Counsel

April 22, 2014

Michael Alder, Esq.
ALDER LAW P.C.
1840 Century Park East, 15th Flr.
Los Angeles, California 90067

Re:   Claim(s) Presented:          April 17, 2014
      File Number(s):              14-1113671*002
      Your Client(s):              Luis Hernandez

Dear Counselor:

This letter is to inform you that the above-referenced claim, which you presented to the Los Angeles County Board of Supervisors, was rejected on **April 18, 2014.**

A preliminary investigation fails to indicate any involvement on the part of the County of Los Angeles, its officers, agents, or employees. Accordingly, your claim was rejected on that basis.

STATE LAW REQUIRES THAT YOU BE GIVEN THE FOLLOWING "WARNING":

Subject to certain exceptions, you have only (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

HOA.1061442.1

**EXHIBIT A**

Michael Alder, Esq.
Page 2


        This time limitation applies only to causes of action for which
Government Code sections 900 - 915.4 require you to present a claim.  Other
causes of action, including those arising under federal law, may have different
time limitations.

                              Very truly yours,

                              JOHN F. KRATTLI
                              County Counsel

                         By

                              JOANNE NIELSEN
                              Principal Deputy County Counsel
                              General Litigation Division


JN:ce

**EXHIBIT A**

<u>**PROOF OF SERVICE**</u>

**File No. 14-1113671*002**

STATE OF CALIFORNIA, County of Los Angeles:

     Carolyn Edwards states: I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713

     That on April 25, 2014, I served the attached

**NOTICE OF DENIAL LETTER**

upon Interested Party(ies) by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

Michael Alder, Esq.
ALDER LAW P.C.
1840 Century Park East, 15th Flr.
Los Angeles, California 90067

**By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒ placed the envelope for collection and mailing, following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

     I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California:

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed on April 25, 2014, at Los Angeles, California.

| | |
|---|---|
| Carolyn Edwards | |
| **(NAME OF DECLARANT)** | **(SIGNATURE OF DECLARANT)** |

HOA.1036216.1

**EXHIBIT A**



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL
648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

JOHN F. KRATTLI
County Counsel

April 22, 2014

Michael Alder, Esq.
ALDER LAW P.C.
1840 Century Park East, 15th Flr.
Los Angeles, California 90067

Re:   Claim(s) Presented:     April 17, 2014
      File Number(s):          14-1113671*003
      Your Client(s):          Stephanie Hernandez

Dear Counselor:

This letter is to inform you that the above-referenced claim, which you presented to the Los Angeles County Board of Supervisors, was rejected on **April 18, 2014.**

A preliminary investigation fails to indicate any involvement on the part of the County of Los Angeles, its officers, agents, or employees. Accordingly, your claim was rejected on that basis.

STATE LAW REQUIRES THAT YOU BE GIVEN THE FOLLOWING "WARNING":

Subject to certain exceptions, you have only (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6.

HOA.1061436.1

**EXHIBIT A**

Michael Alder, Esq.
Page 2


     This time limitation applies only to causes of action for which
Government Code sections 900 - 915.4 require you to present a claim.  Other
causes of action, including those arising under federal law, may have different
time limitations.

                  Very truly yours,

                  JOHN F. KRATTLI
                  County Counsel


                  By
                  JOANNE NIELSEN
                  Principal Deputy County Counsel
                  General Litigation Division


JN:ce

**EXHIBIT A**

**PROOF OF SERVICE**

**File No. 14-1113671*003**

STATE OF CALIFORNIA, County of Los Angeles:

    Carolyn Edwards states: I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713

    That on April 25th, 2014, I served the attached

**NOTICE OF DENIAL LETTER**

upon Interested Party(ies) by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

Michael Alder, Esq.
ALDER LAW P.C.
1840 Century Park East, 15th Flr.
Los Angeles, California 90067

**By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California:

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on April 25th, 2014, at Los Angeles, California.

Carolyn Edwards
**(NAME OF DECLARANT)**

_(signature)_
**(SIGNATURE OF DECLARANT)**

HOA.1036216.1

**EXHIBIT A**

91

CIV-010

**ATTORNEY** *(Name, State Bar number, and address):*
Michael Alder, Esq. SB#170381
Mary L. Caruso, Esq. SB# 282110
AlderLaw, P.C.
1840 Century Park East, 15th Floor
Los Angeles, CA 90067
TELEPHONE NO.: (310)275-9131     FAX NO. *(Optional):* (310)275-9132
E-MAIL ADDRESS *(Optional):* mcaruso@alderlaw.com
ATTORNEY FOR *(Name):* Plaintiffs, ANA Z. MACHUCA, et al.

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: - SAME -
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

RECEIVED
OCT 07 2014
ROOM 102

**FILED**
Superior Court Of California
County Of Los Angeles

OCT 0 7 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy

PLAINTIFF/PETITIONER: ANA Z. MACHUCA, et al.

DEFENDANT/RESPONDENT: LOS ANGELES WORLD AIRPORTS, et al.

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL ☐ EX PARTE | CASE NUMBER: BC 5 6 0 0 1 2 |
|---|---|

**NOTE:** *This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* LUIS G. HERNANDEZ                    is
   a. ☐ the parent of *(name):*
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☒ a party to the suit.
   e. ☒ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   ANA Z. MACHUCA, c/o Alderlaw, PC, 1840 Century Park East, 15th Floor, Los Angeles, CA 90067; (310) 275-9131.

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   LUIS G. HERNANDEZ, c/o Alderlaw, PC, 1840 Century Park East, 15th Floor, Los Angeles, CA 90067; (310) 275-9131.

4. The person to be represented is:
   a. ☒ a minor *(date of birth):* 2/12/1999
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☒ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Please see attachement 5a for causes of action resulting in minor's fathers death.

   ☒ Continued on Attachment 5a.

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Legal
Solutions
Plus

Page 1 of 2
Code of Civil Procedure,
§ 372 et seq.

**EXHIBIT A**

PLAINTIFF/PETITIONER: ANA Z. MACHUCA, et al.

DEFENDANT/RESPONDENT: LOS ANGELES WORLD AIRPORTS, et al.

CASE NUMBER:

CIV-010

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☒ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):

To pursue a civil action.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☒ related (state relationship): parent

b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Mary L. Caruso, Esq.
(TYPE OR PRINT NAME)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 6, 2014

LUIS G. HERNANDEZ
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF ATTORNEY)

▶ _(signature)_
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: October 6, 2014

ANA Z. MACHUCA
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

ORDER ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Ana Z. Machuca is hereby appointed as the guardian ad litem for (name): Luis G. Hernandez for the reasons set forth in item 5 of the application.

Date: 10-14-14

ROBERT HARRISON   JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

KN

CIV-010 [Rev. January 1, 2008]

## APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL

Page 2 of 2

**EXHIBIT A**

| PETITIONER/PLAINTIFF: ANA Z. MACHUCA, et al. | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT: LOS ANGELES WORLD AIRPORTS, et al. | |

ATTACHMENT 5A

1. Liability for Injuries Caused by Employee Within Scope of Employment
(Cal. Government Code §815.2 )
2. Liability for Injuries Caused by Independent Contractors
(Cal. Government Code §815.4)
3. Liability for Injuries Caused Arising from Mandatory Duty of Public Entity
(Cal. Government Code §815.6)
4. Liability for Injuries Caused by Failure to Inspect, or Negligent
Inspection of Property
(Cal. Government Code §818.6)
5. Liability for Injuries Caused by Dangerous Condition of Property
(Cal. Government Code §835 et seq.)



**EXHIBIT A**

CIV-010

**ATTORNEY** *(Name, State Bar number, and address):*
Michael Alder, Esq. SB#170381
Mary L. Caruso, Esq. SB# 282110
AlderLaw, P.C.
1840 Century Park East, 15th Floor
Los Angeles, CA 90067
TELEPHONE NO.: (310)275-9131   FAX NO. *(Optional):* (310)275-9132
E-MAIL ADDRESS *(Optional):* mcaruso@alderlaw.com
ATTORNEY FOR *(Name):* Plaintiffs, ANA Z. MACHUCA, et al.

FOR COURT USE ONLY

RECEIVED
OCT 0 7 2014
ROOM 102

FILED
Superior Court Of California
County Of Los Angeles
OCT 0 7 2014
Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Maria C. Valadois

. SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: - SAME -
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: ANA Z. MACHUCA, et al.

DEFENDANT/RESPONDENT: LOS ANGELES WORLD AIRPORTS, et al.

| APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL □ EX PARTE | CASE NUMBER: BC 5 6 0 0 1 2 |
|---|---|

**NOTE:** This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant *(name):* ANA Z. MACHUCA                                    is
   a. [X] the parent of *(name):* STEPHANIE M. HERNANDEZ
   b. [ ] the guardian of *(name):*
   c. [ ] the conservator of *(name):*
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older).*
   f. [ ] another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
ANA Z. MACHUCA, c/o Alderlaw, PC, 1840 Century Park East, 15th Floor, Los Angeles, CA 90067; (310) 275-9131.

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
STEPHANIE M. HERNANDEZ, c/o Alderlaw, PC, 1840 Century Park East, 15th Floor, Los Angeles, CA 90067; (310) 275-9131.

4. The person to be represented is:
   a. [X] a minor *(date of birth):* 7/8/2002
   b. [ ] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [X] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Please see attachment 5a for caues of action resulting in minor's fathers death.

   [X] Continued on Attachment 5a.

Form Adopted for Mandatory Use
Judicial Council of California
CIV-010 [Rev. January 1, 2008]

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM—CIVIL**

Page 1 of 2
Code of Civil Procedure,
§ 372 et seq.

Legal Solutions Plus

EXHIBIT A

CIV-010

PLAINTIFF/PETITIONER: ANA Z. MACHUCA, et al.

CASE NUMBER:

DEFENDANT/RESPONDENT: LOS ANGELES WORLD AIRPORTS, et al.

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☒ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify):

To pursue a civil action.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:

a. ☒ related (state relationship): parent

b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Mary L. Caruso, Esq.
(TYPE OR PRINT NAME)

▶ _Mary Caruso_
(SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 6, 2014

ANA Z. MACHUCA
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF APPLICANT)

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.

Date: October 6, 2014

ANA Z. MACHUCA
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

ORDER ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): Ana Z. Machuca
is hereby appointed as the guardian ad litem for (name): Stephanie M. Hernandez
for the reasons set forth in item 5 of the application.

Date: 10-14-14

ROBERT HARRISON

_(signature)_
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

CIV-010 [Rev. January 1, 2008]

APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL

Page 2 of 2

EXHIBIT A

| PETITIONER/PLAINTIFF: ANA Z. MACHUCA, et al. | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: LOS ANGELES WORLD AIRPORTS, et al. | |

ATTACHMENT 5A


1.Liability for Injuries Caused by Employee Within Scope of Employment
(Cal. Government Code §815.2 )
2.Liability for Injuries Caused by Independent Contractors
(Cal. Government Code §815.4)
3.Liability for Injuries Caused Arising from Mandatory Duty of Public Entity
(Cal. Government Code §815.6)
4.Liability for Injuries Caused by Failure to Inspect, or Negligent
Inspection of Property
(Cal. Government Code §818.6)
5.Liability for Injuries Caused by Dangerous Condition of Property
(Cal. Government Code §835 et seq.)

Legal
Solutions
Plus

**EXHIBIT A**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL PERSONAL INJURY CASE
#### Case Number _____

BC 5 6 0 0 1 2

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

### Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Gregory Keosian | 91 | 635 | | | |
| Hon. Elia Weinbach | 92 | 633 | | | |
| Hon. Gail Feuer | 93 | 631 | | | |
| Hon. Teresa Beaudet | 97 | 630 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

FSC 03/22/2016 TRIAL 04/03/2016 OSC 10/10/2017

Given to the Plaintiff/Cross-Complainant/Attorney of Record on OCT 07 2014         SHERRI R. CARTER, Executive Officer/Clerk

LACIV PI 190 (Rev09/13)
LASC Approved 05-06
For Optical Use

By _____, Deputy Clerk

### NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL CASE

## EXHIBIT A

1

2

3

4

**FILED**
Superior Court Of California
County Of Los Angeles

**APR 04 2014**

Sherri R. Carter, Executive Officer/Clerk

By _Wayne M. Sasaki_, Deputy
Wayne M. Sasaki

5

6

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF LOS ANGELES

7

In re Personal Injury Cases Assigned to the

8
Personal Injury Courts (Departments 91, 92,

9
93, and 97)

Case No.:   **BC 5 6 0 0 1 2**

SECOND AMENDED GENERAL ORDER
RE PERSONAL INJURY COURT ("PI
Court") PROCEDURES (Effective as of
January 6, 2014)

10

11

12
**DEPARTMENT:**      91      92      93      97

13
**FINAL STATUS CONFERENCE ("FSC"):**

14
•  **Date:** _____ at 10:00 a.m.

15
**TRIAL:**

16
•  **Date:** _____ at 8:30 a.m.

17

18
**OSC re DISMISSAL (Code Civ. Proc., § 583.210):**

19
•  **Date:** _____ at 8:30 a.m.

20
TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

21

22
Pursuant to the California Code of Civil Procedure ("C.C.P."), the California

23
Rules of Court, and the Los Angeles County Court Rules ("Local Rules"), the Los

24
Angeles  Superior  Court  ("LASC"  or  "Court")  HEREBY  AMENDS  AND

25
SUPERSEDES  ITS  July  15,  2013  AMENDED  GENERAL  ORDER  AND

26

27

1

4/4/14

**EXHIBIT A**

1  GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL

2  JURISDICTION PERSONAL INJURY ACTIONS:

3         Effective March 18, 2013, the Court responded to systemic budget reductions by

4  centralizing the management of more than 18,000 general jurisdiction personal injury cases

5  in the Stanley Mosk Courthouse.  LASC opened three Personal Injury Courts ("PI Courts")

6  (Departments 91, 92 and 93), and on January 6, 2014, a fourth (Department 97) to adjudicate

7
   all pretrial matters for these cases.  It also established a Master Calendar Court (Department

8  One), to manage the assignment of trials to 31 dedicated Trial Courts located countywide.

9  This Amended General Order lays out the basic procedures for the PI Courts' management of

10 pretrial matters.  The parties will find additional information about the PI Courts on the

11 court's website, *www.lasuperiorcourt.org*.

12 1.      To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil

13 Case Cover Sheet Addendum (form LACIV 109).  The Court defines "personal injury" as:

14
15                "an unlimited civil case described on the Civil Case Cover Sheet Addendum and

16                Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property

17                Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-

18                Uninsured Motorist; Product Liability (other than asbestos or

19                toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other

20                Professional Health Care Malpractice; Premises Liability; Intentional Bodily

21                Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property

22                Damage/Wrongful Death. An action for intentional infliction of emotional

23                distress, defamation, civil rights/discrimination, or malpractice (other than

24                medical malpractice), is not included in this definition. An action for injury to

25                real property is not included in this definition."    Local Rule 2.3(a)(1)(A).

26
27

                                    2                                      4/4/14

The Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

  □   A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

  □   A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

  □   A7260 Product Liability (not asbestos or toxic/environmental)

  □   A7210 Medical Malpractice – Physicians & Surgeons

  □   A7240 Medical Malpractice – Other Professional Health Care Malpractice

  □   A7250 Premises Liability (e.g., slip and fall)

  □   A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

  □   A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

2.   The Court sets the above dates in this action in the PI Court circled above (Department 91, 92, 93, or 97) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012. Cal. Rules of Court, Rules 3.714(b)(3), 3.729.

SERVICE OF SUMMONS AND COMPLAINT

3.   Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) within three years of the date when the complaint is filed. C. C. P. § 583.210, subd. (a). On the OSC re Dismissal date noted above, the PI Court will dismiss the action and/or all

4/4/14

1  unserved parties unless the plaintiff(s) show cause why the action or the unserved parties

2  should not be dismissed. C.C.P. §§ 583.250; 581, subd. (b)(4).

3  4.      The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

4  service on defendant(s) of the summons and complaint within six months of filing the

5  complaint.  Upon a showing that the plaintiff(s) failed to effect service within six months, the

6  PI Court will vacate the trial and FSC date noted above.

7

8  **STIPULATIONS TO CONTINUE TRIAL**

9  5.      Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

10  § 583.310), the parties may advance or continue any trial date in the PI Courts without

11  showing good cause or articulating any reason or justification for the change.  To continue or

12  advance a trial date, the parties (or their counsel of record) should jointly execute and file (in

13  Room 102 of the Stanley Mosk Courthouse; fee required) a Stipulation to Continue Trial,

14  FSC and Related Motion/Discovery Dates (form available on the court's website, Personal

15  Injury Court link).  The PI Courts schedule FSCs for 10:00 a.m., eight (8) court days before

16  the trial date.  Parties seeking to continue the trial and FSC dates shall file the Stipulation at

17

18  least eight court days before the FSC date.  Parties seeking to advance the trial and FSC

19  dates shall file the Stipulation at least eight court days before the proposed advanced FSC

20  date. Code Civ. Proc., § 595.2;  Govt. Code § 70617, subd. (c)(2).

21  **NO CASE MANAGEMENT CONFERENCES**

22  6.      The PI Courts do not conduct Case Management Conferences.  The parties need not

23  file a Case Management Statement.

24  **LAW AND MOTION**

25  **Chambers Copies Required**

26

27

4

**EXHIBIT A**

7.    In addition to filing original motion papers in Room 102 of the Stanley Mosk Courthouse, the parties must deliver, directly to the PI Court courtrooms, an extra copy (marked "Chambers Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a hearing calendared in the PI Courts.  The PI Courts also strongly encourage the parties filing and opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one or more three-ring binders organizing the Chambers Copies behind tabs.

**Reservation of Hearing Date**

8.    Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System available online at *www.lasuperiorcourt.org* (link on homepage). Parties or counsel who are unable to utilize the online Court Reservation System may reserve a motion hearing date by telephoning the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**Withdrawal of Motion**

9.    California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**Discovery Motions**

10.    Informal Discovery Conferences ("IDCs").  On a daily basis, the PI Court judges are available to conduct 30-minute, in-person IDCs with lead trial counsel on each side (or another attorney who has full authority to make binding agreements in discovery disputes).

5                                          4/4/14

**EXHIBIT A**

1  The PI Court judges will not make rulings in an IDC.  The purpose of the IDC is to help the

2  parties resolve discovery disputes by agreement rather than by motion practice. To that end,

3  an IDC judge may refer the parties to applicable code sections or other legal authorities.  The

4  IDC judge may also promote compromise by suggesting agreements to narrow the scope of

5  the requests, to provide amended responses that better explain the responding party's

6  compliance, or to use an alternative, more efficient means of discovery.   The PI Court judges

7  find that, in nearly every case, the parties amicably resolve their discovery disputes at, or as a

8  result of, the IDCs.

9

10  11.     Scheduling IDCs.    Parties should reserve (and, if necessary, promptly cancel)

11  appointments for IDCs via email to *PISMC@lasuperiorcourt.org*.  Parties should schedule an

12  IDC as soon as a discovery dispute arises, and before any party files a discovery motion. The

13  PI Court judges expect the parties to make every effort to resolve discovery disputes by

14  conferring in person or on the telephone before the PI Court judge invests time in the IDC.

15  Scheduling or participating in an IDC does not extend any deadlines imposed by the Code of

16  Civil Procedure for noticing and filing motions to compel or motions to compel further

17  discovery.  In order to avoid unnecessary *ex parte* applications, the PI Courts recommend

18  that the parties extend deadlines for filing discovery motions and for serving discovery

19  responses pending their participation in the IDC.

20

21  12.     Motions to Compel Further Responses.  The PI Courts will not hear motions to

22  compel further discovery unless and until (a) the parties participate in an IDC; or (b) the

23  moving party submits evidence, by way of declaration, that the opposing party has failed or

24  refused to participate in an IDC.  To allow time for an IDC at least 16 court days before the

25  motion hearing, parties must reserve a hearing on any motion to compel further discovery at

26

27

EXHIBIT A

1  10:00 a.m. on a date at least 60 days after the date when the reservation is made.  Parties

2  must reserve an IDC with the same judge who is scheduled to hear any discovery motion

3  involving the same discovery.  Likewise, a party who participates in an IDC regarding certain

4  discovery requests, and then files a motion to compel further responses to the same discovery

5  requests, must calendar the motion for a hearing before the same judge who conducted the

6  IDC.  After participating in an IDC, a moving party may advance the hearing on a motion to

7  compel further discovery to 10:00 a.m. on any available hearing date that complies with the

8  notice requirements of the Code of Civil Procedure.  The PI Courts may consider a party's

9  failure or refusal to participate in an IDC as a factor in deciding whether or not to award

10  sanctions on a motion to compel further discovery.

11  **Ex Parte Applications**

12  13.     Under the California Rules of Court, courts may only grant *ex parte* relief upon a

13  showing, by admissible evidence, that the moving party will suffer "irreparable harm,"

14  "immediate danger," or where the moving party identifies "a statutory basis for granting

15  relief ex parte."  Cal. Rules of Court, Rule 3.1202(c).  With over 6,000 cases in each docket,

16  the three PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time

17  to add hearings to their fully booked motion calendars.  The PI Courts do not regard the

18  Court's unavailability for timely motion hearings as an "immediate danger" or threat of

19  "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte* relief, counsel

20  should reserve the earliest available motion hearing date, and stipulate with all parties to

21  continue the trial to a date thereafter using the Stipulation to Continue Trial, FSC and Related

22  Motion/Discovery Dates (form available on the court's website, PI Court Tab).   Counsel

7

4/4/14

**EXHIBIT A**

should also check the Court Reservation System from time to time because earlier hearing

dates may become available as cases settle or counsel otherwise take hearings off calendar.

**REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

14.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")

Court shall file (in Room 102 of the Stanley Mosk Courthouse) and serve the Court's

"Motion to Transfer Complicated Personal Injury Case to Independent Calendar Court"

(form available on the Court's website, PI Courts link).   The PI Courts will transfer a matter

to an I/C Court if the case is not a "Personal Injury" case as defined in the General Order re

General Jurisdiction PI Cases, or if it is "complicated."   In determining whether a personal

injury case is too "complicated" for the PI Courts to manage, the PI Courts will consider,

among other things, whether the case will involve numerous parties, cross-complaints,

witnesses (including expert witnesses), and/or pretrial hearings.

15.    Parties opposing a motion to transfer have five court days to file (in Room 102) an

Opposition (using the same Motion to Transfer form).

16.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.

Although the parties may stipulate to transfer a case to an Independent Calendar Department,

the PI Courts will make an independent determination whether to transfer the case or not.

**GENERAL ORDER – FINAL STATUS CONFERENCE**

17.    Parties shall comply with the requirements of the PI Courts' "Amended General

Order – Final Status Conference," which shall be served with the summons and complaint.

**JURY FEES**

18.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial

complaint. (Code Civ. Proc., § 631, subds. (b) and (c).)

**EXHIBIT A**

**JURY TRIALS**

1

2  19.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will transfer the

3  case to the Master Calendar Court in Department One in the Stanley Mosk Courthouse.

4  Department One assigns the case out for trial to one of 31 dedicated Trial Courts located in

5  the Stanley Mosk, Chatsworth, Van Nuys, Santa Monica, Torrance, Long Beach, Pomona,

6  and Pasadena courthouses.

7

**SANCTIONS**

8

9  20.    The Court has discretion to impose sanctions for any violation of this general order.

10  (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

11

12  Dated:  April 4, 2014

13

14

15  Daniel J. Buckley
Supervising Judge, Civil
16  Los Angeles Superior Court

17

18

19

20

21

22

23

24

25

26

27

9                                                                4/4/14

**EXHIBIT A**

**FILED**
Superior Court Of California
County Of Los Angeles

**APR 04 2014**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Wayne M. Kandil

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned to the Personal Injury Courts (Departments 91, 92, 93, and 97), | Case No.: _____ <br><br> SECOND AMENDED GENERAL ORDER - FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of January 6, 2014) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court HEREBY AMENDS AND SUPERSEDES ITS July 19, 2013 AMENDED GENERAL ORDER – FINAL STATUS CONFERENCE AND GENERALLY ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:

**1. PURPOSE OF THE FSC**

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions *in limine*, and the authentication and admissibility of exhibits.

/

Amended General Order FSC - 1

**EXHIBIT A**

## 2.   TRIAL DOCUMENTS TO BE FILED

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse) the following Trial Readiness Documents:

### A.   TRIAL BRIEFS (OPTIONAL)

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

    (1) the claims and defenses subject to litigation;

    (2) the major legal issues (with supporting points and authorities);

    (3) the relief claimed and calculation of damages sought; and

    (4)  any other information that may assist the court at trial.

### B.   MOTIONS *IN LIMINE*

Before filing motions *in limine*, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a).  The caption of each motion *in limine* shall concisely identify the evidence that the moving party seeks to preclude.  Parties filing more than one motion *in limine* shall number them consecutively.  Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

### C.   JOINT STATEMENT TO BE READ TO THE JURY

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury.  Local Rule 3.25(i)(4).

### D.   JOINT WITNESS LIST

EXHIBIT A

1  The parties/counsel shall work together to prepare and file a joint list of all witnesses that each

2  party intends to call (excluding impeachment and rebuttal witnesses).  Local Rule 3.25(i)(5).

3  The joint witness list shall identify each witness by name, specify which witnesses are experts,

4  and estimate the length of the direct, cross examination re-direct examination (if any) of each

5  witness.  The parties/counsel shall identify and all potential witness scheduling issues and special

6  requirements.  Any party/counsel who seeks to elicit testimony from a witness not identified on

7  the witness list must first make a showing of good cause.

8        **E.**    **LIST OF PROPOSED JURY INSTRUCTIONS (JOINT AND**

9                 **CONTESTED)**

10  The parties/counsel shall jointly prepare and file a list of proposed jury instructions, organized in

11  numerical order, specifying the instructions upon which all sides agree and the contested

12  instructions, if any.

13

14        **F.**    **JURY INSTRUCTIONS (JOINT AND CONTESTED)**

15

16  The parties/counsel shall prepare a complete set of full-text proposed jury instructions, editing all

17  proposed California Civil Jury Instructions for Judges and Attorneys ("CACI") instructions to

18  insert party names and eliminate blanks and irrelevant material. The parties shall prepare special

19  instructions in a format ready for submission to the jury (placing citations of authority and the

20  identity of the requesting party above the text in compliance with Local Rules 3.170 and 3.171).

21        **G.**    **JOINT VERDICT FORM(S)**

22  The parties/counsel shall prepare and jointly file a proposed general verdict form or special

23  verdict form (with interrogatories) acceptable to all sides.  If the parties/counsel cannot agree on

24

25

a joint verdict form, each party must separately file a proposed verdict form.  Local Rule 3.25(i)(7) and (8).

### H.   JOINT EXHIBIT LIST

The parties/counsel shall prepare and file a joint exhibit list organized with columns identifying each exhibit and specifying each party's evidentiary objections, if any, to admission of each exhibit.  To comply with Local Rules 3.52(i)(5) and 3.53, the parties shall meet and confer in an effort to resolve objections to the admissibility of each exhibit.

### 3.   EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC), three sets of tabbed, internally paginated and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.

### 4.   TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) the Trial Documents, tabbed and organized into three-ring binders as  follows:

Tab A: Trial Briefs

Tab B:  Motions *in limine*

Tab C:  Joint Statement to Be Read to the Jury

Tab D: Joint Witness List

Tab E:  Joint List of Jury Instructions (identifying the agreed upon and contested instructions)

Tab F:  Joint and Contested Jury Instructions

Tab G: Joint and/or Contested Verdict Forms

The parties shall organize motions *in limine* (tabbed in numerical order) behind tab B with the opposition papers and reply papers for each motion placed directly behind the moving papers.  The parties shall organize proposed jury instructions behind tab F, with the agreed upon instructions first in order followed by the contested instructions (including special instructions) submitted by each side.

## 5.  FAILURE TO COMPLY WITH FSC OBLIGATIONS

The court has discretion to require any party/counsel who fails or refuses to comply with this General Order to Show Cause why the court should not impose monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking of an answer).

Dated this 4th day of April, 2014

Daniel J. Buckley
Supervising Judge, Civil
Los Angeles Superior Court

Amended General Order FSC - 5

EXHIBIT A



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**



**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  E-MAIL ADDRESS (Optional):  ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

EXHIBIT A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.
   *(INSERT DATE)*                        *(INSERT DATE)*

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ►   _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR PLAINTIFF)

Date:

_____      ►   _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____      ►   _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____      ►   _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____      ►   _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

Date:

_____      ►   _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

_____      ►   _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

EXHIBIT A

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER</td><td rowspan="3">Reserved for Clerk's File Stamp</td></tr>
<tr><td>TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td><td>FAX NO. (Optional):</td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

**EXHIBIT A**

SHORT TITLE:

CASE NUMBER:

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

EXHIBIT A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11

## STIPULATION AND ORDER -- MOTIONS IN LIMINE

EXHIBIT A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

Date: _____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR_____)

Date: _____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR_____)

Date: _____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR_____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 2 of 2

**EXHIBIT A**

# EXHIBIT B

REFERRED TO CITY ATTORNEY
ON DISPOSITION
NOV 26 2014

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**NOTICE TO DEFENDANT:** LOS ANGELES WORLD AIRPORTS; CITY
**(AVISO AL DEMANDADO):** OF LOS ANGELES; THE AIRPORT
POLICE AT LOS ANGELES; LOS ANGELES POLICE
DEPARTMENT; LOS ANGELES FIRE DEPARTMENT; COUNTY OF
LOS ANGELES; AND DOES 1 - 100;

RECEIVED
OCT 07 2014
ROOM: 102

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 10 2014

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** ANA Z. MACHUCA, an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** Individual; LUIS G.
HERNANDEZ, an Individual ,and STEPHANIE M.
HERNANDEZ, an Individual, by and through their
Guardian Ad Litem, Ana Z. Machuca;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

City Attorney's Office - Airport Division
SERVICE RECEIVED
By: Roxanne Wasp
☐ Personal Service   ☐ U.S. Mail
☒ Casey Mail   ☐ City Clerk
DATE STAMP - TO SUPERVISOR
12/8/14

The name and address of the court is:
(El nombre y dirección de la corte es):
Los Angeles Superior Court
111 N. Hill Street
- SAME -
Los Angeles, CA 90012

CASE NUMBER:
(Número del Caso):
BC 560012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Michael Alder, Esq. SB#170381        (310) 275-9131   (310) 275-9132
Mary L. Caruso, Esq. SB# 282110
AlderLaw, P.C.
1855 Century Park East, 14th Floor, Los Angeles, CA 90067

DATE:                                  Clerk, by _____, Deputy
(Fecha)          M. Soto              (Secretaria)                    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): City of Los Angeles
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other (specify): Entity form Unknown
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CITY ATTORNEY
LOS ANGELES

RECEIVED
NOV 10 2014

RECEIVED
NOV 26 2014

11/25/14

**EXHIBIT B**

**SUMMONS**
**(CITACION JUDICIAL)**

RECEIVED

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

DEC 10 2014

Risk Management Division

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 10 2014

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**NOTICE TO DEFENDANT:** LOS ANGELES WORLD AIRPORTS; CITY
**(AVISO AL DEMANDADO):** OF LOS ANGELES;    THE AIRPORT
POLICE AT LOS ANGELES; LOS ANGELES POLICE
DEPARTMENT; LOS ANGELES FIRE DEPARTMENT; COUNTY OF
LOS ANGELES; AND DOES 1 - 100;

RECEIVED
OCT 07 2014
ROOM 102

**YOU ARE BEING SUED BY PLAINTIFF:** ANA Z. MACHUCA, an
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** Individual; LUIS G.
HERNANDEZ, an Individual ,and STEPHANIE M.
HERNANDEZ, an Individual, by and through their
Guardian Ad Litem, Ana Z. Machuca;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): | (Número del Caso): |
| Los Angeles Superior Court | **BC 560012** |
| 111 N. Hill Street | |
| - SAME - | |
| Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Michael Alder, Esq. SB#170381
Mary L. Caruso, Esq. SB# 282110          (310)275-9131    (310)275-9132
AlderLaw, P.C.
1840 Century Park East, 15th Floor Los Angeles, CA 90067

DATE:                           Clerk, by _____ M. Soto          , Deputy
(Fecha)                         (Secretario)                                 (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOV 10 2014

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): The Airport Police At Los Angeles

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☑ other (specify): Entity Form Unknown
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

**EXHIBIT B**

REFERRED TO CITY ATTORNEY
FOR DISPOSITION
NOV 26 2014
$71,000

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** LOS ANGELES WORLD AIRPORTS; CITY
*(AVISO AL DEMANDADO):* OF LOS ANGELES;   THE AIRPORT
POLICE AT LOS ANGELES; LOS ANGELES POLICE
DEPARTMENT; LOS ANGELES FIRE DEPARTMENT; COUNTY OF
LOS ANGELES; AND DOES 1 - 100;

RECEIVED
OCT 07 2014
ROOM 0F102

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 10 2014

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** ANA Z. MACHUCA, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual; LUIS G.
HERNANDEZ, an Individual ,and STEPHANIE M.
HERNANDEZ, an Individual, by and through their
Guardian Ad Litem, Ana Z. Machuca;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court 111 N. Hill Street - SAME - Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* BC 5 6 0 0 1 2 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Alder, Esq. SB#170381                   (310) 275-9131  (310) 275-9132
Mary L. Caruso, Esq. SB# 282110
AlderLaw, P.C.
1840 Century Park East, 19th Floor Los Angeles, CA 90067

DATE:                                    Clerk, by                                  , Deputy
*(Fecha)*                                  *(Secretario)*                            *(Adjunto)*

SHERRI R. CARTER    M. Soto

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Los Angeles Police Department
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):* Entity Form Unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

[SEAL]
NOV 10 2014
RECEIVED

NOV 26 2014
CITY ATTORNEY
LOS ANGELES

2014 NOV 25 PH 2: 03
RECEIVED
CITY CLERK'S OFFICE @:08

11/25/14

**EXHIBIT B**

REFERRED TO CITY ATTORNEY
FOR DISPOSITION

AIRPORT

DEC - 2 2014

M.V. 07:30 am

RECEIVED OCT 07 2014 ROOM 0102

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** LOS ANGELES WORLD AIRPORTS; CITY
*(AVISO AL DEMANDADO):* OF LOS ANGELES;  THE AIRPORT
POLICE AT LOS ANGELES; LOS ANGELES POLICE
DEPARTMENT; LOS ANGELES FIRE DEPARTMENT; COUNTY OF
LOS ANGELES; AND DOES 1 - 100;

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 1 0 2014

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** ANA Z. MACHUCA, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual; LUIS G.
HERNANDEZ, an Individual ,and STEPHANIE M.
HERNANDEZ, an Individual, by and through their
Guardian Ad Litem, Ana Z. Machuca;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court
111 N. Hill Street
- SAME -
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
BC 5 6 0 0 1 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Alder, Esq. SB#170381
Mary L. Caruso, Esq. SB# 282110       (310)275-9131  (310)275-9132
AlderLaw, P.C.
1800 Century Park East, 14th Floor, Los Angeles, CA 90067

DATE:                                  Clerk, by    M. Soto            , Deputy
*(Fecha)*                              *(Secretario)*                   *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): Los Angeles Fire Department

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☑ other (specify): Entity Form Unknown
4. ☐ by personal delivery on (date):

NOV 1 0 2014
RECEIVED
DEC 02 2014
ATTORNEY
LOS ANGELES

2014 DEC -1 PM 12: 56
RECEIVED
CITY CLERK'S OFFICE
CITY CLERK
BY ESG DEPUTY

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
Legal Solutions
Plus

Page 1 of 1

12-1-14

**EXHIBIT B**

# EXHIBIT C

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Rodolfo F. Ruiz (SBN 163877)   Alyssa K. Chrystal (SBN 287433) VANDERFORD & RUIZ, LLP 221 E. Walnut Street, Suite 106, Pasadena, CA 91101-1554 | |

TELEPHONE NO.: (626) 405-8800   FAX NO. *(Optional):* (626) 405-8868
E-MAIL ADDRESS *(Optional):* rruiz@vrlawyers.com   achrystal@vrlawyers.com
ATTORNEY FOR *(Name):* Defendant, LOS ANGELES WORLD AIRPORTS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: ANA Z. MACHUCA, et al.

DEFENDANT/RESPONDENT: LOS ANGELES WORLD AIRPORTS, et al.

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER: BC560012 |
|---|---|
| | JUDGE: Hon. Gregory Keosian |
| | DEPT.: 91 |

**To the court and to all parties:**

1. Declarant *(name):* Alyssa K. Chrystal

   a. ☑ is ☐ the party ☑ the attorney for the party who requested or caused the stay.

   b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☐ With regard to all parties.

   b. ☐ With regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:

   a. ☑ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 26, 2014

Alyssa K. Chrystal
(TYPE OR PRINT NAME OF DECLARANT)

▶ *[signature]*
(SIGNATURE)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

NOTICE OF STAY OF PROCEEDINGS

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

**EXHIBIT C**

1

**PROOF OF SERVICE**

2

*Ana Z. Machuca, et al. v. Los Angeles World Airports, et al. –LASC Case No. BC560012*

3

    I am a citizen of the United States and employed in Los Angeles County, California.  I am

4

over the age of eighteen years and not a party to the within-entitled action.  My business address is 221 E. Walnut Street, Suite 106, Pasadena, CA 91101.  On December 26, 2014, I served a copy of the within document(s) entitled:

5

6

    **NOTICE OF STAY OF PROCEEDINGS**

7

☒    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

8

9

10

Michael Alder
Mary L. Caruso
AlderLaw, P.C.
1840 Century Park East, 15th Floor
Los Angeles, CA 90067
T: (310) 275-9131
F: (310) 275-9132
E-mail: cmalder@alderlaw.com
    mcaruso@alderlaw.com

11

12

13

14

    I am readily familiar with the firm's practice of collection and processing correspondence

15

for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

16

17

    I declare under penalty of perjury under the laws of the State of California that the above

18

is true and correct.  Executed on December 26, 2014, at Pasadena, California.

19

20

Frances M. Carrillo

21

22

23

24

25

26

27

28

**EXHIBIT C**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

### *Ana Z. Machuca, et al. v. Los Angeles World Airports, et al.*

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 221 E. Walnut Street, Suite 106, Pasadena, CA 91101.  On December 26, 2014, I served a copy of the within document(s) entitled:

### NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

☒     by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

Michael Alder
Mary L. Caruso
AlderLaw, P.C.
1840 Century Park East, 15th Floor
Los Angeles, CA 90067
T: (310) 275-9131
F: (310) 275-9132
E-mail: cmalder@alderlaw.com
          mcaruso@alderlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on December 26, 2014, at Pasadena, California.

*/s/ Alyssa K. Chyrstal*
Alyssa K. Chrystal

- 7 -