| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 14-09852 SJO (RZx)     **DATE:** January 21, 2015

**TITLE:** Ana Z. Machuca et al. v. Los Angeles World Airports et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                      Not Present
Courtroom Clerk                                   Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                          Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR COUNTY OF LOS ANGELES; DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT** [Docket No. 8]; **DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT** [Docket No. 10]

This matter is before the Court on its own motion. On October 7, 2014, Plaintiffs Ana Z. Machuca ("Machuca"), Luis G. Hernandez ("Luis"), and Stephanie M. Hernandez ("Stephanie") (collectively, "Plaintiffs"), initiated the instant wrongful death action in the Superior Court of California for Los Angeles County. (*See generally* Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1.) Defendants Los Angeles World Airports, Los Angeles Airport Police, Los Angeles Police Department, Los Angeles Fire Department, City of Los Angeles, and County of Los Angeles (collectively, "Defendants") removed the matter to this Court on December 26, 2014. (*See generally* Notice.)

I.     <u>FACTUAL BACKGROUND</u>

In the Complaint, Plaintiffs allege the following. At approximately 9:20 am on November 1, 2013, Paul Ciancia ("Ciancia") was permitted to enter Terminal 3 of Los Angeles International Airport ("LAX") carrying a bag containing a semiautomatic rifle, five 30-round magazines, and hundreds of additional rounds of ammunition. (Compl. ¶¶ 16-17.) Subsequently, Ciancia approached a Transportation Security Administration ("TSA") checkpoint and opened fire with the rifle, shooting decedent Gerardo Ismael Hernandez ("Hernandez"), a TSA Officer, multiple times. (Compl. ¶¶ 1, 3, 17.) Hernandez subsequently died. (Compl. ¶¶ 3, 16.) Plaintiff Machuca is Hernandez's surviving wife and Plaintiffs Luis and Stephanie Hernandez are his surviving children. (Compl. ¶¶ 1-2.)

On the day Hernandez was killed, Defendants' officers, agents, or employees who were assigned to Terminal 3 left their positions without calling for replacement officers. (Compl. ¶¶ 10-12, 17.) Plaintiffs allege that such conduct left the terminal without adequate coverage so that "[p]olice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: <u>CV 14-09852 SJO (RZx)</u>     DATE: <u>January 21, 2015</u>

officers were not present to stop Ciancia or protect Hernandez."  (Compl. ¶¶ 10, 17-18.)  Additionally, Plaintiffs contend that the missing officers' failure to report in or call for back up violated Defendants' instructions, orders, directions, policies, and procedures which state that, "absent exigent circumstances," officers assigned to terminals may not leave their assigned terminal area "without prior authorization and a relief unit."  (Compl. ¶ 10, 17.)  Finally, Plaintiffs maintain that Defendants' failure to:  (1) properly hire, train, and supervise their agents, employees, and subcontractors; (2) properly assess and respond to the emergency situation created by the shooting; (3) implement adequate security and incident prevention policies and procedures; (4) inspect and maintain their emergency equipment; (5) adopt adequate security technology; and (6) properly track and maximize expenditures for police services at the airport, contributed to Hernandez's death and were the legal and proximate cause of Plaintiffs' injuries resulting therefrom.  (Compl. ¶¶ 15, 19-25.)

In the Complaint, Plaintiffs brought five causes of action for:  (1) liability for injuries caused by employee acting within scope of employment pursuant to Cal. Gov. Code § 815.2 (Compl. ¶¶ 28-33); (2) liability for injuries caused by independent contractors pursuant to Cal. Gov. Code § 815.4 (Compl. ¶¶ 34-40); (3) liability for injuries arising from mandatory duty of public entity pursuant to Cal. Gov. Code § 815.6 (Compl. ¶¶ 41-52); (4) liability for injuries caused by failure to inspect, or negligent inspection of property pursuant to Cal. Gov. Code § 818.6 (Compl. ¶¶ 53-58); and (5) liability for injuries caused by dangerous condition of property pursuant to Cal. Gov. Code § 835 *et seq.*  (Compl. ¶¶ 59-66.)

II.     DISCUSSION

    A.     <u>Legal Standard:  *Sua Sponte* Remand</u>

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case.  28 U.S.C. § 1447(c).  The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (citation and internal quotation marks omitted).  Under the removal statute, an action is removable to federal court only if it might have been brought there originally.  *See* 28 U.S.C. § 1441(a).  Here, Defendants argue that the Court has federal question jurisdiction under 18 U.S.C. § 37 ("Section 37").  (Notice ¶ 8.)

Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case "arises under"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** CV 14-09852 SJO (RZx)        **DATE:** January 21, 2015

federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.,* 314 F.3d 390, 393 (9th Cir. 2002). Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," he or she may avoid federal jurisdiction by pleading exclusively state law claims. *See Williams*, 482 U.S. at 392; *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

    B.    <u>Analysis</u>

Plaintiffs' Complaint alleges five causes of action, all of which arise under various provisions of California's Government Code. (*See generally* Compl.) On this basis alone, federal jurisdiction is highly doubtful because Plaintiffs have pleaded exclusively state law claims. *See Williams*, 482 U.S. at 392. Nonetheless, Defendants argue that this Court has federal question jurisdiction under Section 37. (Notice ¶ 8.) Section 37 sets out the elements of the federal offense for committing an act of violence at an international airport that causes or is likely to cause serious bodily injury or death. *See* 18 U.S.C. § 37(a); *Jones v. United States,* 526 U.S. 227, 235 (1999). Defendants argue that because Plaintiffs' allegations arise from a shooting at LAX, an international airport, which resulted in Hernandez' death, "federal jurisdiction is proper pursuant to 18 U.S.C. § 37(b)(1)." (Notice ¶ 8.) This argument is unavailing.

First, Defendant's reliance on 18 U.S.C. § 37 as a basis for federal jurisdiction is inappropriate. Title 18 of the United States Code ("Title 18") encompasses federal crimes and criminal procedure. Section 37, specifically referenced by Defendants, describes an act of violence committed at an international airport. *See* 18 U.S.C. § 37(a)(1). By its own terms, Section 37 does not create a private cause of action, *see* 18 U.S.C. § 37, and "[c]ivil causes of action . . . do not generally lie under the criminal statutes contained in [Title 18]." *Del Elmer; Zachay v. Metzger,* 967 F. Supp. 398, 403 (S.D. Cal. 1997). Further, the United States Supreme Court has repeatedly "emphasized [that] 'the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person.'" *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568 (1979) (quoting *Cannon v. Univ. of Chi.,* 441 U.S. 677, 688 (1979)). Instead, the courts must discern whether "Congress intended to create [a] private right of action." *Touche Ross,* 442 U.S. at 568.

In determining whether Congress intended to create a private right of action under Section 37, the Court's analysis "must begin with the language of the statute itself." *Id.* (collecting cases). Section 37 provides that:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

CASE NO.: CV 14-09852 SJO (RZx)     DATE: January 21, 2015

> A person who unlawfully and intentionally, using any device, substance, or weapon–(1) performs an act of violence against a person at an airport serving international civil aviation that causes or is likely to cause serious bodily injury . . . or death; or (2) destroys or seriously damages the facilities of an airport . . . or disrupts the services of the airport . . . shall be fined . . . imprisoned not more than 20 years, or both.

18 U.S.C. § 37(a).  If the violent act results in the death of any person, the offense is punishable by death or imprisonment for any term of years, including life. 18 U.S.C. § 37(a). Section 37 also states that:

> There is jurisdiction over the prohibited activity . . . if–(1) the prohibited activity takes place in the United States; or (2) the prohibited activity takes place outside the United States and (A) the offender is later found in the United States; or (B) an offender or a victim is a national of the United States (as defined in section 101(a)(22) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(22))).

18 U.S.C. § 37(b).  Defendants argue that this reference to jurisdiction gives rise to federal question jurisdiction.  (*See* Notice ¶ 8.)  The Court disagrees.

The most straightforward reading of Section 37, a provision within Title 18, is that it sets out the elements and sentencing parameters for the criminal offense of committing an act of violence at an international airport.  *See* U.S.C. § 37.  Nothing in the plain language of Section 37 gives any indication that Congress intended to confer a right to private damages or any other civil remedy. "In short, there is no basis in the language of [Section 37] for inferring that a civil cause of action for damages lay in favor of anyone," *Touche Ross,* 442 U.S. at 571 (citation omitted), and Defendants do not argue otherwise.  (*See generally* Notice).

Further, Defendants do not cite, and the Court has not found, any indication in the legislative history of Section 37 that Congress meant to establish or even imply a private right of action under the statute.  *See id.*  Instead, Section 37, the related statutory provisions, and the amendments made thereto provide for the **prosecution** of terrorism-related offenses.  *See, e.g.,* H.R. Rep. No. 102-242, at 193 (1991) (proposing a longer statute of limitations for instituting an indictment under Section 37); 18 U.S.C. §§ 3286(b), 2332b(g)(5)(B) (providing that there is no statute of limitations for prosecuting a violation of Section 37 where the conduct prohibited thereunder "resulted in, or created a foreseeable risk of, death or serious bodily injury to another person"). In other words, there is no indication of congressional intent to create a private cause of action under Section 37.  *See Touche Ross,* 442 U.S. at 571.  Based on the "paucity of legislative intent or any other kind of evidence indicating intent to create a private cause of action," *see Ryan v. Ohio Edison Co.,* 611 F.2d 1170, 1179 (6th Cir. 1979), and Defendants' failure to raise any

Case 2:14-cv-09852-SJO-RZ Document 22 Filed 01/21/15 Page 5 of 5 Page ID #:365

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 14-09852 SJO (RZx)</u>  DATE: <u>January 21, 2015</u>

arguments in support of such a theory, (*see generally* Notice), the Court concludes that there is no basis for finding that Plaintiffs' claims rely on a federal cause of action or depend on the resolution of a substantial federal question. *See McVeigh,* 547 U.S. at 690.

Second, Plaintiffs are the masters of their claims, and "may avoid federal jurisdiction by exclusive reliance on state law." *Williams,* 482 U.S. at 392 (footnote omitted); *see also Balcorta,* 208 F.3d at 1106. Here, by relying solely on the various provisions of state law encompassed by California's Government Code, Plaintiffs have done just that. (*See generally* Compl.)

III. <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County. Because this matter is hereby remanded to the state court, this Court **DENIES** Defendants' Motion to Dismiss and Motion to Strike **as moot**. This action shall close.

IT IS SO ORDERED.